442 So.2d 934 (1983)
THE FLORIDA BAR, Complainant,
v.
James C. McKENZIE, Respondent.
No. 61682.
Supreme Court of Florida.
November 23, 1983.
Rehearing Denied January 25, 1984.
John F. Harkness, Jr., Executive Director, Stanley A. Spring, Staff Counsel, Tallahassee, and Patricia J. Brown, Bar Counsel, Tampa, for complainant.
James C. McKenzie, in pro. per.
PER CURIAM.
This attorney discipline case is before us on the petition of The Florida Bar to review the referee's recommendation that respondent be found not guilty of violating The Florida Bar Code of Professional Responsibility, Disciplinary Rules 1-102(A)(1), 5-105(A), and 5-107(A)(1) and (2). The Bar asserts that the referee's findings of fact and recommendation as to guilt are not supported by the record. We have jurisdiction. Art. V, § 15, Fla. Const.
We recognize that the referee's "findings should be upheld unless clearly erroneous or without support in the evidence." The Florida Bar v. Hirsch, 359 So.2d 856 (Fla. 1978). We find, however, that the record in this case irrefutably establishes that respondent accepted a $1,000 retainer from an heir to an estate and accepted appointment as attorney for the personal representative of the same estate. This dual representation constitutes a violation of Disciplinary Rule 5-105(A).
Under the circumstances of the record in this case, we conclude that the findings of the referee were clearly erroneous. We reject the referee's report and find respondent guilty of violating The Florida Bar Code of Professional Responsibility, Disciplinary Rules 1-102(A)(1) and 5-105(A). We further find that respondent's conduct merits the imposition of a public reprimand. The publication of this opinion in Southern Reporter will serve as that public reprimand.
Costs in the amount of $706.70 are hereby taxed against the Respondent.
It is so ordered.
ALDERMAN, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.