517 So.2d 20 (1987)
THE FLORIDA BAR, Complainant,
v.
Janice MILIN, Respondent.
No. 70716.
Supreme Court of Florida.
December 23, 1987.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel and Susan V. Bloemendaal, Asst. Staff Counsel, Tallahassee, for complainant.
James A. Johnston, Pensacola, for respondent.
PER CURIAM.
This disciplinary proceeding is before the Court for consideration of the referee's uncontested report. The report was entered upon respondent's conditional guilty plea filed in response to the complaint of The Florida Bar. The conditional guilty plea was filed in exchange for The Florida Bar's agreement to a consent judgment on discipline.
Pursuant to respondent's guilty plea, the referee found her to have engaged in professional misconduct set forth in five counts. On count one, the referee found that respondent, having moved to disqualify a judge in a criminal case, stated in support of her motion that a number of local attorneys had described the judge as *21 prejudiced in certain kinds of cases. The attorneys were found not to have made the statements. Respondent later submitted affidavits concerning the alleged statements to the grievance committee, but the attorneys involved denied making any such statements about the judge. The referee found that respondent had violated the former Integration Rule of The Florida Bar, article XI, rule 11.02(3)(a) (an act contrary to honesty, justice, or good morals), and the former Code of Professional Responsibility, Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); 1-102(A)(5) (conduct prejudicial to the administration of justice); 1-102(A)(6) (conduct adversely reflecting on fitness to practice law); 7-102(A)(5) (knowingly making a false statement of law or fact in representing a client); and 7-106(C)(6) (undignified or discourteous conduct that is degrading to a tribunal).
On count two, the referee found that respondent was retained to prepare a marital settlement agreement and to have it incorporated into a marital dissolution decree. Respondent agreed to allow her fee to be paid in installments. The client wanted the settlement reduced to judgment as soon as possible. Respondent later told the client the documents had been filed when they had not. Respondent never filed the agreement and the client was forced to obtain another attorney to resolve the matter. The referee concluded that respondent had violated Disciplinary Rules 1-102(A)(4), 6-101(A)(3) (neglect of a legal matter); 7-101(A)(1) (failure to seek the lawful objectives of a client); 7-101(A)(2) (failure to carry out a contract of employment); and 7-101(A)(3) (causing prejudice or damage to a client).
On count three, the referee found that respondent agreed to file a bankruptcy petition for a client. Upon inquiry by the client, respondent advised that the petition had been filed when in fact it had not been filed. The bankruptcy petition was not filed until the day before the grievance committee's hearing on the client's complaint. Even then respondent did not sign the petition as attorney because she was not admitted to practice before the federal court. The referee concluded that respondent had violated Disciplinary Rules 1-102(A)(4), 6-101(A)(3), 7-101(A)(1), 7-101(A)(2), and 7-101(A)(3).
The fourth count was based on respondent's conviction of driving under the influence of alcoholic beverages. The referee concluded that respondent had violated former Integration Rule, article XI, rule 11.02(3)(b) (conduct constituting a crime), and Disciplinary Rule 1-102(A)(3) (engaging in illegal conduct involving moral turpitude).
The final item of misconduct found was based on respondent's appearance as an attorney in court at a time when she had been suspended for nonpayment of dues. She also misrepresented her status to the judge. The referee found that respondent had violated Disciplinary Rules 1-102(A)(4), 1-102(A)(6), and 3-101(B) (practicing law in violation of the rules of the jurisdiction).
The referee recommends that disciplinary measures be imposed as agreed upon in the consent judgment submitted by the respondent and approved by The Florida Bar. The recommended disciplinary measures are a suspension from the practice of law for ninety days and, upon reinstatement, probation for a period of one year. As conditions of probation, the referee recommends that respondent be required to take and pass the Multistate Professional Responsibility Examination; that she continue psychological counseling until such time as her psychotherapist or such other psychotherapist as is approved by The Florida Bar shall certify that she is free from disabilities that would significantly impair her ability to practice law; that a finding of probable cause against her for misconduct shall result in automatic suspension for ninety-one days requiring proof of rehabilitation for reinstatement; and that failure to comply with the conditions of probation shall be grounds for suspension.
We approve the referee's report and hereby impose the recommended discipline. Attorney Janet Milin is hereby suspended from the practice of law for ninety days. So that she can close out her practice in an orderly fashion, taking appropriate steps to *22 safeguard the interests of her clients, this suspension shall take effect thirty days from the date of this order, but respondent shall accept no new business from the date she receives notice of this decision. As is required by rule 3-5.1(h) of the Rules Regulating The Florida Bar, respondent must provide notice to her clients of this suspension and report to the Bar by affidavit concerning the provision of such notice. After the suspension period, she will be on probation for one year under the previously stated conditions.
The costs of this proceeding are taxed against the respondent. Judgment is entered against Janice Milin in the amount of $2,422.45, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.