549 So.2d 1368 (1989)
THE FLORIDA BAR, Complainant,
v.
Randy FISCHER, Respondent.
Nos. 72894, 73216.
Supreme Court of Florida.
August 31, 1989.
Rehearing Denied November 6, 1989.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and David G. McGunegle, Bar Counsel, Orlando, for complainant.
Randy Fischer, Ocala, in pro per.
Michael H. Hatfield, co-counsel, Umatilla, for respondent.
PER CURIAM.
This disciplinary proceeding is before the Court on two consolidated complaints of The Florida Bar and the referee's report. We have jurisdiction. Art. V, § 15, Fla. Const.
In case no. 73,216, the referee found respondent not guilty on charges that he backdated a motion for new trial. The Bar does not contest the referee's report or recommendation on this count.
In case no. 72,894, however, the referee found the following facts:
... .
2. On April 17, 1986, the Respondent received a speeding ticket from Trooper William Prince of the Florida Highway Patrol.
3. Respondent requested a civil infraction trial before the appropriate County Judge and after several delays, the non-jury trial was set for July 22, 1986, before County Judge Singletary.

*1369 4. On the morning of the speeding ticket hearing, the Respondent requested a legal secretary in his office, Margaret Quinette, to place a call to the Highway Patrol station and leave a message that she was a clerk with the Clerk's Office and that the speeding ticket hearing had been canceled and that Trooper Prince did not need to appear.
5. As the Respondent left his office to attend the speeding ticket hearing, he gave Ms. Quinette a piece of paper upon which the telephone number of the Highway Patrol station was written along with the Trooper's name and told her to take care of it.
6. A lawyer, Beth Moriarty, working in the Respondent's office was present and heard the Respondent relay the above matters to Ms. Quinette.
7. Both Ms. Quinette and Ms. Moriarty testified under oath to the above facts and that said testimony was true.
8. The Respondent did attend the speeding ticket hearing and after Trooper Prince failed to appear to testify at said hearing, Judge Singletary dismissed the ticket.
9. This referee specifically finds by clear and convincing evidence that the Respondent did specifically tell the legal secretary to pose as a clerk and cancel the hearing with the trooper and that the Respondent specifically knew that she did same that the Respondent further took no steps directly nor indirectly to advise Judge Singletary of what had happened and the real reason why Trooper Prince did not appear and the Respondent further took no steps to correct this fraud on the Court until after there was a finding of probable cause in this case on June 10, 1988.
10. Only after the probable cause on June 10, 1988, did the Respondent contact Judge Singletary and have the dismissal vacated and entered a plea on the speeding ticket. Judge Singletary did dispose of the speeding ticket and found the Respondent in contempt of Court and imposed a fine and 100 hours of community service, which the Respondent is completing by doing pro bono legal services.
11. Even though the Respondent denied that he told the legal secretary to take the action she did, the Respondent at the final hearing did admit that he was aware that the secretary did something which caused the hearing to be canceled and that he took no steps to rectify the matter until after the bar matter proceeded to a finding of probable cause. It is noted that even in the best light, this would be a violation of disciplinary rules.
Based on the foregoing facts, the referee recommended that respondent be found guilty of violating Disciplinary Rules 1-102(A)(2) (for circumventing a disciplinary rule through the actions of another); 1-102(A)(3) (for engaging in illegal conduct involving moral turpitude); 1-102(A)(4) (for engaging in conduct involving dishonesty, fraud, deception, or misrepresentation); 1-102(A)(5) (for engaging in conduct prejudicial to the administration of justice); 1-102(A)(6) (for engaging in any other misconduct reflecting adversely on his fitness to practice law); 3-104(C) (for failing to exercise a high degree of care to ensure compliance by non-lawyer personnel with provisions of the Code of Professional Responsibility); 7-102(A)(3) (for concealing or knowingly failing to disclose that which he was required by law to reveal); and 7-102(A)(7) (for counseling or assisting in conduct that he knew to be illegal or fraudulent).
The referee recommended that respondent be suspended from the practice of law for a period of sixty days with automatic reinstatement at the end of the period of suspension and that respondent pay costs in the amount of $2,979.41.
Neither the Bar nor respondent contests the referee's findings of fact and recommendation of discipline. Respondent, however, does petition for review of the costs assessed by the referee. Specifically, respondent objects to the investigator's fees and the costs assessed for case no. 73,216 in which he was found not guilty. The Bar concedes that under The Florida Bar v. Allen, 537 So.2d 105 (Fla. 1989), the investigator's costs of $1,170.65 should not be *1370 taxed. The Bar further concedes that the following costs attributable to case no. 73,216 also should not be taxed: $150.00, administrative costs; $173.15, deposition of Mary Ditto; $49.85, Bar counsel travel expenses; $169.60, hearing transcript.
We approve the referee's findings but find that greater discipline is warranted. Respondent's actions in perpetrating a fraud on the court evinces a total disregard for the justice system he has sworn to uphold. We cannot countenance manipulating the courts in this manner. Accordingly, we hereby suspend respondent from the practice of law for ninety-one days effective October 2, 1989, thereby giving him time to protect the interests of his clients. Respondent shall accept no new business after the date of this opinion. Judgment for costs in the amount of $1,266.16 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.