PER CURIAM.
James McKenzie, a member of The Florida Bar, petitions for review of a referee’s report recommending that McKenzie be suspended from the practice of law. The bar urges acceptance of the referee’s report and recommendations. We have jurisdiction. Art. V, § 15, Fla. Const. After reviewing this case, we approve the referee’s actions.
The bar charged McKenzie with improperly communicating with the judge presiding over a divorce case in which McKenzie represented the husband and with threatening opposing counsel in another case and with filing suit to harass the defendants and the presiding judge in that second case. After trial on the complaint, the referee found that McKenzie had violated the following disciplinary rules of the former code of professional responsibility: 1-102(A)(1) (a lawyer shall not violate a disciplinary rule), 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), 1-102(A)(6) (a lawyer shall not engage in conduct reflecting adversely on fitness to practice law), 7-102(A)(1) (a lawyer shall not file suit, etc., merely to harass or maliciously injure another), 7-102(A)(2) (a lawyer shall not knowingly advance an unwarranted claim or defense), 7-102(A)(7) (a lawyer shall not counsel or assist a client in illegal or fraudulent conduct), 7-106(C)(l) (a lawyer shall not state or allude to matters which are irrelevant or are not supported by admissible evidence). The referee recommends that McKenzie be suspended for ninety-one days, that he be required to take and pass the ethics portion of the state bar examination, and that he pay the costs of the proceedings.
“A referee’s findings of fact are presumed correct and will be upheld unless clearly erroneous.” The Florida Bar v. Della-Donna, no. 69,324, slip op. at 6 (Fla. June 22, 1989); The Florida Bar v. Stal- *32 naker, 485 So.2d 815 (Fla.1986). McKenzie disputes the referee’s findings, but our review of the record shows them to be supported by competent, substantial evidence. Della-Donna; The Florida Bar v. Hooper, 509 So.2d 289 (Fla.1987). Therefore, we approve the referee’s findings of fact.
The recommended discipline is appropriate. McKenzie has two prior disciplinary actions resulting in public reprimands. The Florida Bar v. McKenzie, 442 So.2d 934 (Fla.1983); The Florida Bar v. McKenzie, 432 So.2d 566 (Fla.1983). His overall conduct causes disrespect of the legal profession and makes suspect his ability to practice law competently and ethically. We therefore approve the recommended discipline.
James C. McKenzie is hereby suspended from the practice of law for a period of ninety-one days with the additional conditions recommended by the referee. To give McKenzie time to protect his clients’ interests and close out his practice, this suspension will be effective thirty days from the date this opinion is filed. He shall accept no new business after that filing date. Judgment for costs in the amount of $2,069.50 is hereby entered against McKenzie, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.