561 So.2d 1147 (1990)
THE FLORIDA BAR, Complainant,
v.
Thomas P. COLCLOUGH, Respondent.
No. 73404.
Supreme Court of Florida.
June 7, 1990.
*1148 John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Richard A. Greenberg, Asst. Staff Counsel, Tampa, for complainant.
Alan C. Sundberg of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tallahassee, and Glenn Woodworth and Joseph F. McDermott, St. Petersburg, for respondent.
PER CURIAM.
This proceeding is before the Court upon the complaint of The Florida Bar and the referee's report. The referee found respondent guilty as charged and recommended the imposition of a twelve-month suspension. We have jurisdiction.[1]
In essence, the referee found that respondent made misrepresentations in a lawsuit to the court and to opposing counsel as reflected in the following facts:
B. On or about August 4, 1986, Gordon B. Hustin retained Margaret Barr to appeal a final judgment entered against him on July 1, 1986, in the amount of $23,352.00... .
C. On or about August 6, 1986, a Money Judgment and Execution was entered by Judge Fred Bryson in the aforementioned lawsuit.
D. After August 6, 1986, Ms. Barr was informed by her client that the Pinellas County Sheriff's Department was attempting to levy on her client's property as a result of the Money Judgment and Execution entered by Judge Bryson.
E. Ms. Barr prepared a Motion to Stay Execution and set the Motion for a hearing on August 18, 1986, before Judge Bryson. In a telephone conversation with Ms. Barr on Wednesday or Thursday of the week before, Mr. Colclough [as the opposing attorney] agreed to the hearing time on August 18, 1986. Ms. Barr told Mr. Colclough she could not attend the hearing on August 18, 1986.
F. On or about August 12, 1986, Mr. Colclough, as counsel for Bonnie Lee Holmes, filed a Motion to Assess Costs on the Money Judgment in the amount of $4,666.50 and scheduled a hearing on the Motion to Assess Costs for September 24, 1986, before Judge Bryson.
G. Ms. Barr was scheduled to be out of town on August 18, 1986, and, as a result, she arranged to have attorneys Meredith Craig and Elizabeth Mansfield handle the hearing scheduled on her client's Motion to Stay Execution.
H. On the morning of August 18, 1986, just prior to the hearing on the Motion to Stay Execution, Mr. Colclough entered Judge Bryson's chambers without Ms. Craig or Ms. Mansfield. Mr. Colclough told Ms. Craig and Ms. Mansfield *1149 he had another matter with the judge. Mr. Colclough had a private meeting with Judge Bryson.
I. After Mr. Colclough's private conference with Judge Bryson, the hearing on the Motion to Stay Execution began before Judge Bryson.
J. During the hearing on August 18, 1986, Ms. Craig requested the Court to stay execution on the $23,352.00 Money Judgment.
K. Mr. Colclough represented to the Court that the sum for execution was $28,018.00, rather than $23,352.00, because he had obtained a Money Judgment against Mr. Hustin for costs in the amount of $4,666.50.
L. Ms. Craig was aware of a hearing scheduled for September 24, 1986, on Mr. Colclough's Motion to Assess Costs and asked Mr. Colclough whether or not the costs he was referring to were the costs which were scheduled for a hearing on September 24, 1986.
M. Mr. Colclough fraudulently represented to Ms. Craig, Ms. Mansfield and Judge Bryson that a hearing on costs had already been held, that a Money Judgment for costs had already been obtained, and that the Cost Hearing scheduled for September 24, 1986, was for something else.
N. Since Ms. Craig and Ms. Mansfield were only substituting for Ms. Barr on the Motion to Stay Execution and were thus unfamiliar with the Holmes vs. Hustin case in other respects, they could not dispute Mr. Colclough's representations to the Court regarding a Money Judgment for costs.
... .
Q. As a result of Mr. Colclough's representation that a Cost Judgment in the amount of $4,666.50 had already been obtained, these costs were added to the previously ordered Money Judgment of $23,352.00, and a proposed Order for a supersedeas bond in the amount of the two sums, plus interest, for a total of $34,733.00 was prepared for the Court by Mr. Colclough.
R. Immediately following the hearing on August 18, 1986, Mr. Colclough gave attorneys Mansfield and Craig an executed copy of a Money Judgment for costs and Execution for the sum of $4,666.50. In addition, Mr. Colclough submitted to Ms. Craig an Amended Notice of Hearing which provided that the Motion to Assess Costs scheduled for September 24, 1986, would be heard August 18, 1986.
S. The Money Judgment for costs and Execution were signed by Judge Bryson on August 18, 1986.
T. No hearing had been held on the Motion to Assess Costs at the time Mr. Colclough obtained the aforementioned Money Judgment for costs and the Execution.
U. Ms. Barr was not notified prior to August 18, 1986 that the hearing on the Motion to Assess Costs, scheduled for September 24, 1986, would be heard on or before August 18, 1986.
V. On or about August 21, 1986, Ms. Barr received by mail the Amended Notice of Hearing dated August 18, 1986, regarding Mr. Colclough's Motion to Assess Costs.
W. On or about August 25, 1986, Ms. Barr filed Mr. Hustin's Motion to Vacate Money Judgment for Costs.
X. On or about August 29, 1986, a hearing was held on Mr. Hustin's Motion to Vacate Money Judgment for Costs.
Y. At the conclusion of the hearing on August 29, 1986, Judge Bryson set aside the Money Judgment for Costs dated August 18, 1986.
The referee recommended that respondent be found guilty of having violated the Disciplinary Rules of the Code of Professional Responsibility.[2] Respondent contests the factual findings.
A referee's finding of fact will be upheld unless it is clearly erroneous or lacking in evidentiary support. The Fla. *1150 Bar v. McKenzie, 442 So.2d 934 (Fla. 1983); The Fla. Bar v. Hirsch, 359 So.2d 856 (Fla. 1978); The Fla. Bar v. Wagner, 212 So.2d 770 (Fla. 1968); Rules Regulating Fla.Bar 3-7.6 ("the burden shall be upon the party seeking review to demonstrate that a report of a referee sought to be reviewed is erroneous, unlawful, or unjustified"). A referee's findings of fact are presumed to be correct. The Fla. Bar v. Stalnaker, 485 So.2d 815, 816 (Fla. 1986); Rules Regulating Fla.Bar 3-7.5(k)(1), (l) (referee's findings of fact "shall enjoy the same presumption of correctness as the judgment of the trier of fact in a civil proceeding").
We conclude that the findings of the referee are supported by competent substantial evidence. Accordingly, we approve the referee's findings of guilt.
With respect to discipline, the gravity of respondent's conduct cannot be disputed. However, he has not been the subject of prior disciplinary action, and the record contains numerous letters and affidavits from practitioners which confirm that he has never before given cause to question his credibility or honesty. Under the circumstances, we believe that a six-month suspension gives appropriate weight to the referee's recommendation while at the same time imposing discipline which is more in line with that which has been imposed in cases involving somewhat comparable conduct. See The Fla. Bar v. Fischer, 549 So.2d 1368 (Fla. 1989); The Fla. Bar v. Anderson, 538 So.2d 852 (Fla. 1989); The Fla. Bar v. Milin, 517 So.2d 20 (Fla. 1987); The Fla. Bar v. Oxner, 431 So.2d 983 (Fla. 1983).
We hereby suspend respondent from the practice of law for six months and thereafter until he shall prove rehabilitation. Inasmuch as respondent ceased practicing law on February 19, 1990, pursuant to our earlier order, this suspension shall be effective nunc pro tunc as of that date. Respondent shall pay costs to The Florida Bar in the amount of $2,079.63. Judgment in that amount is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
OVERTON, SHAW, GRIMES and KOGAN, JJ., concur.
EHRLICH, C.J., concurs in part and dissents in part with an opinion, in which BARKETT, J., concurs.
McDONALD, J., dissents.
EHRLICH, Chief Justice, concurring in part and dissenting in part.
I agree with the majority's approval of the referee's findings of guilt. I dissent, however, as to the discipline imposed.
As noted by the majority, "the referee found that respondent made misrepresentations in a lawsuit to the court and to opposing counsel." Maj. op. at 1148. A I have previously stated, "our profession can operate properly only if its individual members conform to the highest standard of integrity in all dealings within the legal system." The Florida Bar v. Lancaster, 448 So.2d 1019, 1024 (Fla. 1984) (Ehrlich, J., concurring in part and dissenting in part). The conduct of which Colclough has been found guilty undermines the very foundation of our profession. Members of the bench and bar as well as the public have a right to expect that a lawyer's representations are truthful and that he can be trusted. I feel that the discipline recommended by the referee, a suspension of twelve months, is appropriate in light of the seriousness of the misconduct at issue.
BARKETT, J., concurs.
NOTES
[1] Art. V, § 15, Fla. Const.
[2] Disciplinary Rule 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); Disciplinary Rule 1-102(A)(5) (conduct prejudicial to the administration of justice); Disciplinary Rule 1-102(A)(6) (conduct adversely reflecting on fitness to practice law).