566 So.2d 765 (1990)
THE FLORIDA BAR, Complainant,
v.
Gordon B. SCOTT, Respondent.
No. 73211.
Supreme Court of Florida.
September 6, 1990.
*766 John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Richard A. Greenberg, Asst. Staff Counsel, and David R. Ristoff, Branch Staff Counsel, Tampa, for complainant.
John A. Weiss, Tallahassee, for respondent.
PER CURIAM.
This cause is before us upon the complaint of The Florida Bar and the report of the referee.[1] Respondent seeks review of the findings of fact and recommendations as to discipline set forth in the referee's report. We approve the recommendation of the referee as to guilt, in part, and approve the recommended discipline.
The referee found that respondent and Stanley E. Lowe had been close personal friends during the years 1977 through 1981, when Lowe passed away. Respondent and Lowe became friends during the time respondent worked for the attorney who had represented Lowe in his dissolution of marriage. During the three years preceding Lowe's death, he conveyed three pieces of property to respondent to avoid creditors. The referee found that respondent knew the purpose of the conveyances. The referee also found that respondent paid no consideration because the arrangement provided that he was to return the properties to Lowe upon his request by executing quit claim deeds.
After Lowe died, respondent informed Lowe's sons, Stanley A. Lowe, Jr. and Jeffrey E. Lowe, that their father had left no assets with which to open an estate. Respondent concealed from them the existence of the properties that their father had transferred to him, and claimed ownership for himself.
Eventually, the two sons learned of the existence of the properties and filed suit to recover them. The suit was settled when respondent paid the sons the proceeds from the sale of the properties.
The referee found respondent guilty of violating The Florida Bar Code of Professional Responsibility.[2]
Respondent argues that the findings of the referee are not supported by clear and convincing evidence. We agree with respondent that the Bar failed to demonstrate the existence of an attorney-client relationship between respondent and Lowe. The Bar's complaint does not allege, nor does the record provide, any evidence to permit the conclusion that an attorney-client relationship existed. For these reasons, we disapprove the referee's finding of guilt as to Disciplinary Rules 7-102(A)(7) (assisting client in illegal or fraudulent conduct) and (8) (engaging in conduct contrary to a disciplinary rule while representing a client). The Florida Bar v. Lehrman, 485 So.2d 1276, 1278 (Fla. 1986).
*767 In all other respects, the evidence presented sufficiently supports the referee's findings. Respondent essentially argues that the testimony against him was biased and that respondent's testimony should have been accepted by the referee.
However, after listening to the evidence and observing the demeanor of the witnesses, the referee concluded that "the respondent was not being entirely truthful in his testimony." A referee's finding of fact will be upheld unless it is clearly erroneous or lacking in evidentiary support. The Florida Bar v. Colclough, 561 So.2d 1147 (Fla. 1990); The Florida Bar v. McKenzie, 442 So.2d 934 (Fla. 1983). The burden is upon the party seeking review to demonstrate that the referee's report is "erroneous, unlawful, or unjustified." Rule Regulating Fla.Bar 3-7.6(c)(5). This Court cannot reweigh the evidence or substitute its judgment for that of the trier of fact. We conclude that the referee's findings of fact concerning the remaining violations are supported by competent and substantial evidence. We approve the recommendation of guilt concerning those violations.
Based on her findings, the referee recommended that respondent be suspended from the practice of law for ninety-one days. We approve the referee's recommendation and hereby suspend respondent from the practice of law for ninety-one days. This suspension shall be effective October 8, 1990, thereby giving respondent thirty days to take the necessary steps to protect his clients' interests. Respondent shall accept no new business from the date of this opinion. Respondent shall pay costs to The Florida Bar in the amount of $1,667.50. Judgment in that amount is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT and GRIMES, JJ., concur.
EHRLICH, J., concurs in part and dissents in part with an opinion, in which KOGAN, J., concurs.
EHRLICH, Justice, concurring in part and dissenting in part.
I concur with that portion of the Court's opinion with respect to guilt, but dissent as to discipline.
The fact that there was no attorney-client relationship between Mr. Scott and his now deceased friend, Mr. Lowe, did not give Mr. Scott a license to keep and convert to his own use property that was not rightfully his. That is precisely what he endeavored to do here. Although Mr. Scott contended otherwise, the referee resolved this issue of fact against him and this finding is supported by the record. Cupidity and dishonesty have no proper role in the affairs of an attorney. By his acts involving moral turpitude, Mr. Scott has forfeited the privilege of being a member of our profession. Disbarment is the proper discipline. The discipline imposed by the Court is nothing more than the proverbial slap on the wrist. It is an affront to those lawyers who take seriously and abide by their oath of office.
KOGAN, J., concurs.
NOTES
[1] We have jurisdiction under article V, section 15 of the Florida Constitution.
[2] Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); 1-102(a)(5) (conduct prejudicial to the administration of justice); 1-102(A)(6) (conduct adversely reflecting on fitness to practice law); 7-102(A)(7) (assisting client in illegal or fraudulent conduct); and 7-102(A)(8) (engaging in conduct contrary to a disciplinary rule while representing a client).