Linda Davidson City Administrator/City Clerk
QUESTION:
1. Is a personnel committee consisting of the mayor, the city administrator and three members of the city council, which is responsible for making recommendations to the city council on personnel issues, subject to the Government in the Sunshine Law?
2. If the committee is subject to the Government in the Sunshine Law, may the mayor and the city administrator discuss some matter which may come before the committee for action without complying with the requirements of s. 286.011, F.S.?
SUMMARY:
1. A personnel committee, which is responsible for making recommendations to the city council on personnel matters and which consists of the mayor, the city administrator and three members of the city council, is subject to the Government in the Sunshine Law.
2. Discussions between the mayor and the city administrator on matters which foreseeably will come before the personnel committee for action are subject to the Government in the Sunshine Law.
AS TO QUESTION 1:
The Government in the Sunshine Law, s. 286.011, F.S., requires all meetings of a public board or commission at which official acts are taken to be open to the public.[1] The statute extends to the discussions and deliberations of, as well as formal action taken by, a public board or commission.[2] Thus, the Sunshine Law applies to any gathering where two or more members of a public board or commission deal with some matter on which foreseeable action will be taken by that board or commission.[3]
The courts have held that advisory boards whose powers are limited to making recommendations to a public agency and which possess no authority to bind that agency in any way are subject to the Sunshine Law.[4] It is the nature of the act performed rather than the makeup of the committee or its proximity to the final decision which determines whether an advisory committee is subject to s. 286.011, F.S.
For example, The Supreme Court of Florida in Wood v. Marston,[5]
held that an ad hoc advisory committee appointed to screen applications and make recommendations for the position of dean of the law school at a public university played an integral part in the decision-making process and thus was subject to the Sunshine Law. This office has also concluded that publicly created advisory boards whose powers are limited to making recommendations are subject to s. 286.011, F.S.[6]
A limited exception to the applicability of the Sunshine Law to advisory committees has been recognized for committees established for fact-finding only, that is, information gathering and reporting.[7] However, when a committee possesses the authority not only to conduct fact-finding but also to make recommendations, the committee is participating in the decision-making process and is, therefore, subject to s. 286.011, F.S.
You state that the personnel committee is responsible for making recommendations to the city council on personnel matters. The fact that the committee discusses personnel matters does not, in the absence of a specific exemption, remove the committee from ambit of s. 286.011, F.S. As the court in Times Publishing Company v. Williams[8] recognized, personnel matters are not legally privileged or insulated from legislative control.
Therefore, I am of the opinion that a personnel committee, which is responsible for making recommendations to the city council on personnel matters and which consists of the mayor, the city administrator and three members of the city council, is subject to, and must comply with the requirements of, the Government in the Sunshine Law.[9]
AS TO QUESTION 2:
As noted in Question One, s. 286.011, F.S., extends to the discussions and deliberations as well as the formal action taken by a public board or commission. It is the how and the why officials decided to act which interests the public. Thus, the court in Times Publishing Company v. Williams, supra, stated:
 [I]t is the entire decision-making process that the legislature intended to affect by the enactment of the statute before us. This act is a declaration of public policy, the frustration of which constitutes irreparable injury to the public interest. Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an "official act," an indispensable requisite to "formal action," within the meaning of the act.[10]
Section 286.011, F.S., therefore, has been construed to apply to any gathering, whether formal or informal, of two or more members of the same board or commission to discuss some matter on which foreseeable action will be taken by that board or commission.[11]
You ask whether a meeting between the mayor and city administrator is subject to the Sunshine Law if they discuss an item during the normal course of city business which ends up being discussed and voted upon by the personnel committee. Based upon the above, I am of the opinion that discussions between the mayor and the city administrator are subject to s. 286.011, F.S., if the discussion concerns some matter which foreseeably will come before the personnel committee for action.
The mayor and city administrator may discuss matters for which no action by the committee is required; however, discussions of matters which would normally come before, or should come before the committee for discussion or action, are subject to the requirements of s. 286.011, F.S.
I am, therefore, of the opinion that discussions between the mayor and the city administrator on matters which foreseeably will come before the personnel committee for consideration would be subject to the Government in the Sunshine Law.
RAB/tjw
[1] See, s. 286.011(1), F.S., stating that "[a]ll meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times . . . ."
[2] See, Times Publishing Company v. Williams,222 So.2d 470, 473 (2 D.C.A. Fla., 1969) (entire decision-making process affected by the Sunshine Law).
[3] Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969).
[4] Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974); accord, Spillis Candela Partners, Inc. v. Centrust Savings Bank, 535 So.2d 694 (3 D.C.A. Fla., 1988).
[5] 442 So.2d 934 (Fla. 1983).
[6] See, e.g., AGO's 86-51 (land selection committee appointed by water management district to evaluate and recommend projects for acquisition); 85-76 (ad hoc committee appointed by mayor for purpose of making recommendations concerning legislation); 84-70 (grievance committee).
[7] See, Cape Publications, Inc. v. City of Palm Bay,473 So.2d 222 (5 D.C.A. Fla., 1985); Bennett v. Warden,333 So.2d 97 (2 D.C.A. Fla., 1976).
[8] 222 So.2d 470, 474 (2 D.C.A. Fla., 1969) ("[T]he power or discretion to decide questions of closed meetings for such purposes is no longer the [public agency's] to exercise. . . .").
[9] You state that three members of the personnel committee are city council members. You further state that it is the responsibility of the personnel committee to make recommendations on personnel matters to the city council which takes action on such matters. Regardless of whether the committee is or is not subject to the Sunshine Law, the discussions of the city council members on the committee among themselves on matters which will come before the city council for action are subject to the requirements of the Sunshine Law. See, Hough v. Stembridge, 278 So.2d 288 (3 D.C.A. Fla., 1973) (Sunshine Law is applicable to any gathering of two or more members of the same board or commission to discuss some matter on which foreseeable action will be taken by that board or commission).
[10] 222 So.2d at 473.
[11] See, Hough v. Stembridge, 278 So.2d 288 (3 D.C.A. Fla., 1973). And see, Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969); City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971).