599 So.2d 116 (1992)
THE FLORIDA BAR, Complainant,
v.
Ariel POPLACK, Respondent.
No. 76823.
Supreme Court of Florida.
April 30, 1992.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Randi Klayman Lazarus, Bar Counsel, Miami, for complainant.
Steven A. Fein, North Miami Beach, for respondent.
PER CURIAM.
The Florida Bar petitions for review of a referee's recommended sanction that the respondent, Ariel Poplack (Poplack), be suspended from the practice of law for thirty days followed by an eighteen-month probation during which Poplack will receive psychological counseling. The Florida Bar is seeking a suspension of ninety-one days followed by a period of probation. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
The events giving rise to this disciplinary action occurred on May 14, 1989, in Coral Gables, Florida. Late in the evening, a police officer on patrol found Poplack and *117 another man near what appeared to be a disabled car. Poplack stood nearby in a disheveled condition while the other man attempted to attach the car to a tow truck. The police officer stopped to investigate because the scene looked suspicious. Upon an inquiry, Poplack lied to the police officer by telling the officer that the car belonged to a friend and that he had borrowed the car. He explained that the car had a flat tire and therefore needed to be towed. The police officer testified that he left the scene with some reservations because it looked peculiar.
After leaving the scene, the police officer received a stolen car report describing a car similar to the one he just saw with Poplack. The police officer returned to the scene and arrested Poplack and the other individual for stealing the car. At this time, Poplack changed his story to indicate that he was pulling a prank or a practical joke on a friend. However, we note that the owner of the car testified that he did not know either Poplack or the other individual charged with the theft.
The state attorney filed a third-degree felony charge of grand theft against Poplack. However, because Poplack did not have a prior criminal record and the owner of the stolen car did not object, the state attorney referred Poplack to a pretrial intervention program. After he successfully completed the pretrial program, the State nolle prossed the charges.
At the Bar disciplinary hearing, the owner of the car testified that Poplack made a complete restitution for any damages to the car. In addition, a number of witnesses testified that Poplack is a man of good character and professional competence. The witnesses portrayed him as an honest, hard-working young man who had suffered from the dissolution of his marriage. The witnesses held the general view that Poplack had overcome the adverse emotional effects of his marital dissolution. These witnesses also confirmed that Poplack often acted as a prankster. However, the record does not contain anything that suggests Poplack's actions were in the nature of a practical joke or prank.
The referee also heard testimony from a psychiatrist who had evaluated Poplack. The psychiatrist indicated that Poplack had some psychological problems, and that he would benefit from counseling. The psychiatrist opined that Poplack was truly remorseful and that his judgment was clouded at the time of the incident by alcohol and depression, which led to self-defeating behavior. Poplack did not testify at the hearing, nor did he personally express any remorse about his actions to the referee.
The referee found Poplack guilty of violating Rule Regulating The Florida Bar 4-8.4(c) (conduct involving misrepresentation, dishonesty in talking to the police officer); and recommended a thirty-day suspension, to be followed by an eighteen-month probation.
The Bar does not challenge the referee's factual findings, but claims that the referee erred in recommending a thirty-day suspension rather than a ninety-one-day suspension. The Bar asserts that a thirty-day suspension is too lenient for an attorney found guilty of lying; and in the past this Court has given longer suspensions for attorneys found guilty of lying. The Bar cites The Florida Bar v. Lancaster, 448 So.2d 1019 (Fla. 1984), in which this Court suspended an attorney for two years for lying to a state attorney investigating stolen property. The Bar also cites The Florida Bar v. Colclough, 561 So.2d 1147 (Fla. 1990), in which this Court suspended an attorney for six months because the attorney made misrepresentations to the court as well as opposing counsel in a lawsuit. The Bar argues that Lancaster, Colclough and the instant case are similar because in each instance the referee found the attorney guilty of lying. Thus, the Bar concludes that the Court should overturn the referee's recommendation and suspend Poplack for ninety-one days.
Poplack argues that a ninety-one-day suspension is not supported by case law, and thus, the referee's recommendation of a thirty-day suspension should be upheld. Poplack contends that both Lancaster and Colclough are distinguishable from the instant case. In Lancaster, this Court found *118 the disciplined attorney guilty of lying to the state attorney while under oath; whereas Poplack argues that his lie to a police officer did not occur under oath. Similarly, Poplack notes that in Colclough this Court found the disciplined attorney guilty of perpetrating a fraud on a trial court and opposing counsel, facts which are not present in Poplack's case. Thus, Poplack concludes that a ninety-one-day suspension is not warranted.
Poplack also argues that a ninety-one-day suspension would be disproportionate to the referee's findings. He asserts that cases where this Court has granted a ninety-one-day suspension have involved numerous instances of dishonesty. In contrast, Poplack argues that his case involves an isolated instance of misjudgment. Poplack cites The Florida Bar v. McKenzie, 557 So.2d 31 (Fla. 1990) (where this Court approved a ninety-one-day suspension, after two prior disciplinary actions had been initiated against an attorney and where the attorney had been found guilty of seven provisions of the former Code of Professional Responsibility); and The Florida Bar v. Fischer, 549 So.2d 1368 (Fla. 1989) (where this Court imposed a ninety-one-day suspension after the attorney was found guilty of violating eight provisions of the Rules Regulating The Florida Bar, including engaging in conduct prejudicial to the administration of justice and concealing or knowingly failing to disclose that which he was required by law to reveal) to support his argument. Poplack concludes that a ninety-one-day suspension would be disproportionate punishment for the violation he committed.
Finally, Poplack contends that the referee's recommended sanction of a thirty-day suspension is appropriate because it will serve the goals of bar discipline proceedings of protecting the public from unethical conduct, encouraging reformation and rehabilitation, and deterring others who might be tempted to be involved in similar violations.
In reviewing a referee's recommendations for discipline, our scope of review is broader than afforded to findings of facts because it is our responsibility to order the appropriate punishment. The Fla. Bar v. Anderson, 538 So.2d 852, 854 (Fla. 1989). However, a referee's recommendation on discipline is afforded a presumption of correctness unless the recommendation is clearly erroneous or not supported by the evidence. The Fla. Bar v. Lipman, 497 So.2d 1165, 1168 (Fla. 1968). We find it troubling when a member of the Bar is guilty of misrepresentation or dishonesty, both of which are synonymous for lying. Honesty and candor in dealing with others is part of the foundation upon which respect for the profession is based. The theme of honest dealing and truthfulness runs throughout the Rules Regulating The Florida Bar and The Florida Bar's Ideals and Goals of Professionalism. See Rules Regulating The Florida Bar 4-3.3 (candor toward the tribunal), 4-3.4 (fairness of opposing party and counsel), 4-4.1 (truthfulness in statements to others), 4-8.4 (lawyer misconduct), and Ideals and Goals of Professionalism, Fla.B.J., Sept. 1991, at 138 (a lawyer's word should be his or her bond).
If Poplack is to remain a part of the profession, as the Bar concedes he should, we must determine an appropriate discipline. We have held that bar disciplinary proceedings must serve three purposes: first, the judgment must be fair to society, both in terms of protecting the public from unethical conduct and at the same time not denying the public the services of a qualified lawyer; second, the judgment must be fair to the respondent, being sufficient to punish a breach of ethics and at the same time encourage reformation and rehabilitation; and third, the judgment must be severe enough to deter others who might be prone or tempted to become involved in like violations. The Fla. Bar v. Lord, 433 So.2d 983, 986 (Fla. 1983) (emphasis in original).
We find the cases that the Bar cites supporting a ninety-one-day suspension are factually different from the instant case. Unlike our decisions in Lancaster and Colclough, the instant case does not involve an attempt to perpetrate a fraud on the court or a false statement made while *119 under oath. However, the fact remains that Poplack lied to a police officer investigating a suspicious scene. Only the police officer's timely intervention prevented Poplack and the other individual from successfully stealing the car. Even though his lie was not related to his practice of law, we hold that Poplack's conduct is still a violation of rule 4-8.4.
With respect to discipline, the gravity of Poplack's conduct cannot be disputed. However, he has not been the subject of prior disciplinary action, and there is mitigating evidence showing that he acted under the emotional distress of a broken marriage. Additionally, many witnesses offered their opinion that Poplack had begun a significant rehabilitation. Given these circumstances, we believe that a thirty-day suspension is appropriate to recognize the seriousness of the offense. We think that the referee's recommended period of probation with counseling will encourage and facilitate Poplack's continued rehabilitation. The probation is an appropriate means to ensure that Poplack's rehabilitation is genuine and continuing.
Accordingly, we suspend Ariel Poplack from the practice of law for thirty days, during which time he is enjoined and prohibited from the practice of law in Florida, with automatic reinstatement at the end of the period of suspension as provided by Rule Regulating The Florida Bar 3-5.1(e). The suspension shall take effect on June 1, 1992, thereby giving Poplack thirty days to close out his practice in an orderly fashion and to protect his client's interests, including providing the notice required by rule 3-5.1(h) of the Rules Regulating The Florida Bar. Additionally, we place Poplack on probation for a period of eighteen months as provided in rules 3-5.1(c) and 3-5.1(d). During this probation, the Poplack shall participate in psychological counseling, and the counselor shall submit reports to the Bar every six months indicating Poplack's compliance and progress. The costs of these proceedings are taxed against Poplack and judgment is entered in the amount of $2,240.93, for which sum let execution issue.
It is so ordered.
OVERTON, McDONALD, BARKETT, KOGAN and HARDING, JJ., concur.
GRIMES, J., dissents with an opinion, in which SHAW, C.J., concurs.
GRIMES, Justice, dissenting.
There is no suggestion that Poplack was under the influence of drugs or alcohol at the time of the incident. Under these circumstances, it is hard for me to believe that he could have stolen the automobile from a perfect stranger as a prank, and I note that he never testified that this was his motivation. If it truly was a prank, I question Mr. Poplack's judgment to practice law. I would suspend him for a minimum of ninety days.
SHAW, C.J., concurs.