PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar and the referee’s report recommending that the Respondent, Susan M. Rosen, be suspended from the practice of law for two years for alleged ethical violations. We have jurisdiction[1] and approve the recommended discipline.
The referee made the following findings of fact. The Respondent was suspended from the practice of law on April 13, 1984, as a result of a felony conviction for grand theft and breaking and entering. She was reinstated to the practice of law by this Court on February 11, 1988. Pursuant to that reinstatement, she was placed under a rehabilitation contract with the Florida Lawyer’s Assistance Program and was placed on probation for three years. The Respondent violated her probation by failing to attend meetings required by her rehabilitation contract. As a result of this violation, Respondent’s rehabilitation contract was extended from February 11, 1991, to April 15, 1992.
The referee further found that the instant complaint arose out of an investigation by The Florida Bar into the affairs of Anthony Paterna, an attorney who was subsequently disbarred. During that investigation, the Bar determined that the Respondent had issued seven checks from her trust account, totaling $18,002.65, that were subsequently dishonored for insufficient funds; that another check was determined to be a forgery and was dishonored for insufficient funds; and that all eight checks were subsequently paid either by the Respondent or when re-presented to the bank. Further, the Respondent failed to produce a receipts and disbursements journal, client ledger cards, and bank and client reconciliation records, as requested by The Florida Bar. Finally, in mitigation, the referee found that no client had filed a complaint against the Respondent alleging misappropriation of client funds and/or trust account irregularities or neglect of any client matters.
On these findings, the referee concluded that the Respondent was guilty of violating the following Rules Regulating the Florida Bar: rule 3-4.3 (commission of an act that is unlawful or contrary to honesty and justice); rule 5-1.1 (misappropriation of client funds); and rule 5-1.2(b) (failure to maintain certain trust account records). Based on this misconduct and the Respondent’s prior disciplinary history, the referee recommended that she be suspended from the practice of law for two years and be assessed costs in the amount of $2,141.56.
Respondent argues four points on review: (1) that this cause should be dismissed because the audit was not proper under the rules; (2) that portions of the referee’s findings of fact are improper; (3) that the referee’s legal conclusions are unwarranted; and (4) that the two-year suspension is an inappropriate sanction under the circumstances. For the reasons discussed below, we find each of these arguments to be without merit.
In the Respondent’s first argument, she asserts that this cause should be dismissed because the Bar’s audit was predicated on nothing more than the auditor’s gut feeling that a valid transaction “didn’t look right” and was not properly authorized under rule 5-1.2(d), Rules Regulating The Florida Bar. We disagree. The record reflects that the audit proceedings in this case were properly initiated by the Bar’s auditor. In investigating the account of Anthony Paterna, the auditor found that the Respondent had written a $10,000 check from her trust account as a loan to Paterna. Because loans from one trust account to another are unusual and because of the numerous discrepancies involving Paterna’s account, the auditor became suspicious of the $10,000 transaction and requested Respondent’s *796 records through a grievance committee. Rule 5-1.2(d)(7) specifically allows the Bar to conduct an audit when it is requested to do so by a grievance committee. The witness subpoena requiring the Respondent to appear before the auditor was properly issued by Grievance Committee 11“E” under authority of its chair. We are not persuaded by Respondent’s argument that the grievance committee subpoena was merely a ministerial act and was insufficient under the rules to constitute an appropriate audit request.
Respondent next contends that the referee’s findings of fact are improper because there was never an adjudication that her probation was violated and because she did not “fail” to produce trust account records as found by the referee. According to Respondent, her probation was extended through an agreement rather than a probation violation adjudication. Further, she states that she was unable to produce the requested records because Paterna, with whom she shared an office, denied her access to them.
A referee’s findings of fact are presumed correct and will be upheld by this Court unless they are clearly erroneous or without support in the record. The Florida Bar v. Scott, 566 So.2d 765 (Fla.1990); The Florida Bar v. Colclough, 561 So.2d 1147 (Fla.1990); The Florida Bar v. Bajoczky, 558 So.2d 1022 (Fla.1990). In ap plying that standard here, we note that the referee in this case was also the referee in Respondent’s earlier disciplinary action and, as such, was intimately familiar with the proceedings in that case. Although there may not have been an official adjudication that the Respondent violated her probation, the record reflects that her probation was, in fact, violated and that she agreed to the extension of her probation. As to her failure to produce trust account records, rule 5-1.2(b), Rules Regulating Trust Accounts, requires an attorney to “maintain” minimum trust accounting records. Such a mandate places a duty on the Respondent, in her special position of trust as a member of the Bar, to maintain the safety and integrity of her trust accounting records. The Respondent knowingly left her trust account records in the care of Patema’s secretary even though Paterna was under investigation by the Bar. Under the circumstances, we cannot say that the referee’s findings of fact are clearly erroneous or without support in the record.
The Respondent also contends that portions of the referee’s legal conclusions are unwarranted. The Respondent argues that, because she never improperly used funds from her trust account to a client’s detriment, the referee erred in finding no difference between the issuance of worthless checks and the misuse of client funds. Respondent bases this argument primarily on the contention that no client funds were in her trust account at the time the checks were written. We find this to be a distinction without a difference. Respondent wrote a number of the worthless checks on the assumption that client funds would be deposited in her trust account. Consequently, she misused her trust account by writing checks from that account before the funds were properly deposited. We note, however, that even if Respondent’s conduct had not involved client funds, her issuance of worthless checks still constituted unethical conduct. The issuance of worthless checks subjects the Respondent to professional discipline because such conduct is violative of the law and is contrary to honesty and justice. The Florida Bar v. Davis, 361 So.2d 159 (Fla.1978).
Finally, Respondent argues that the referee’s suggested two-year suspension is inappropriate. She contends that a public reprimand is a more appropriate sanction under the facts of this case. As noted by the referee, this Court deals more severely with cumulative misconduct than isolated misconduct. The Florida Bar v. Coutant, 569 So.2d 442 (Fla.1990); The Florida Bar v. Bern, 425 So.2d 526 (Fla.1982); The Florida Bar v. Vernell, 374 So.2d 473 (Fla. 1979). Here, in addition to the instant conduct, the Respondent was previously suspended by this Court for grand theft and breaking and entering. Upon reinstatement, she failed to adequately comply with the conditions of her reinstatement contract. Given the Respondent’s previous *797 disciplinary history, we find a two-year suspension to be an appropriate sanction.
Accordingly, we hereby suspend the Respondent, Susan M. Rosen, from the practice of law for twenty-four months and thereafter until she establishes proof of rehabilitation. Suspension shall be effective thirty days from the date of this opinion, to allow the Respondent to close out her existing practice. From the date of this opinion, she shall accept no new business and shall promptly take all steps necessary to ensure that the interests of her existing clients are safeguarded. Judgment for costs in the amount of $2,141.56 is hereby entered against the Respondent, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.

. Art. V, § 15, Fla. Const.