The Honorable Harry Lee Coe State Attorney 13th Judicial Circuit 5th Floor County Courthouse Annex Tampa, Florida 33602
Dear Mr. Coe:
You have described a number of hypothetical situations in which a Sunshine Law violation may or may not occur. These questions presuppose the establishment of the Hillsborough County Criminal Justice Commission; a public-private advisory commission created by county ordinance. You have asked that I assume that each of the public officials mentioned in these hypothetical questions are members of the commission.
1. The Hillsborough County Criminal Justice Commission (hereafter the commission) is studying and making recommendations on the problem of youth gangs in the community. The Sheriff and the State Attorney meet and talk about a specific criminal investigation involving an assault apparently related to a youth gang. Would the meeting and discussions regarding this specific criminal investigation be subject to the Sunshine Law by virtue of membership on the commission?
2. While the Sheriff and the State Attorney are discussing the specific criminal case mentioned in Question One, they also talk in general about the activities of youth gangs in the county, including the most current information about their numbers, present efforts to infiltrate them and other actions which may be needed to stop them. Would these discussions be a violation of the Sunshine Law because the subject is one being studied by the commission?
3. The commission is studying the computer operations of the various criminal justice components, and ways to make them work together more efficiently. While these issues are being considered, the State Attorney calls the Clerk of Court to inquire about the availability of certain information in the Clerk's system. In the course of this conversation, the Clerk explains to the State Attorney that, due to the fact that the systems are not compatible, the data is not available. Since the commission is generally studying this issue, has a violation of the Sunshine Law occurred?
4. The commission is studying the various existing policies and procedures relating to high speed chases within the county, and contemplates proposing, at some point in the future, a county-wide policy. No specific proposal is on the table. Due to a recent accident, the Sheriff calls a police chief to discuss their inconsistent policies, and the two discuss the need to implement an understanding between their two jurisdictions immediately. Would their conversation violate the Sunshine Law since the commission is considering a policy on the same subject?
5. Assume there is a specific county-wide policy recommendation pending before the commission relating to high speed chases. A police chief calls the Sheriff, tells him he doesn't agree with the proposed policy, and suggests that the Sheriff and he enter into their own separate policy since the commission's recommendations are only advisory. Would this conversation violate the Sunshine Law?
In sum:
1. A conversation between the State Attorney and the Sheriff of Hillsborough County about a specific criminal investigation involving an assault related to a youth gang would not violate the Sunshine Law even though both officials are members of the Hillsborough County Criminal Justice Commission and the commission is studying and making recommendations on the problem of youth gangs in the community.
2. and 4. Discussions between the Sheriff and the State Attorney of matters which may foreseeably come before or are currently being considered by the Hillsborough County Criminal Justice Commission, would come within the scope of the Sunshine Law and should be conducted in accordance with the law. However, to the extent that these discussions relate to an ongoing criminal case or investigation or relate to factual inquiries or matters upon which the commission is not required to act, these discussions would not fall within the scope of the Sunshine Law.
3. Public officials, who are also members of the Hillsborough County Criminal Justice Commission, may discuss issues among themselves without violating the Sunshine Law when these issues do not require action by the commission. Thus, a discussion between the State Attorney and the Clerk of Court regarding the exchange of this type of work-related information would not violate the Sunshine Law.
5. Until a recommendation pending before the Hillsborough County Criminal Justice Commission is either adopted or rejected, members of the commission should not discuss the policy without complying with the provisions of the Sunshine Law.
According to your letter you, as the State Attorney, many other members of the law enforcement community, as well as several public officials and private sector community leaders, wish to create the Hillsborough County Criminal Justice Commission. This would be a public-private advisory commission created by county ordinance and funded partially through local government.
You have included with your letter a copy of the proposed ordinance which has been drafted to create the commission.
You specifically state that:
1) The primary purposes of the commission are to improve communications within the criminal justice system components, to serve as a "funnel" of information into and out of the system, to give citizens a meaningful way to be part of the system and to help develop a coordinated, comprehensive community plan for attacking crime.
2) The commission will be advisory and will not direct or control law enforcement activities.
3) While the commission will primarily be involved in studying and recommending on specific problem areas such as multiple computer systems that don't interact, juvenile justice programs, conflicting or inconsistent agency policies in multiple jurisdictions, it will also play an important role in developing recommendations for a criminal justice plan for Hillsborough County.[1]
You are concerned that by creating the commission you may be inadvertently hampering your daily job performance or hindering law enforcement.
Section 286.011, F.S., Florida's Government-in-the-Sunshine Law, requires all meetings of a public board or commission at which official acts are taken to be open to the public.[2] The statute extends to the discussions and deliberations of, as well as formal action taken by, a public board or commission.[3] Thus, the Sunshine Law applies to any gathering where two or more members of a public board or commission deal with some matter on which foreseeable action will be taken by that board or commission.[4]
The courts have held that advisory boards, whose powers are limited to making recommendations to a public agency and which possess no authority to bind that agency in any way, are subject to the Sunshine Law.[5] It is the nature of the act performed rather than the makeup of the committee or its proximity to the final decision which determines whether an advisory committee is subject to s. 286.011, F.S.
In Wood v. Marston,[6] The Supreme Court of Florida, held that an ad hoc advisory committee appointed to screen applications and make recommendations for the position of dean of the law school at a public university played an integral part in the decision-making process and, for this reason, was subject to the Sunshine Law.
This office has also concluded that publicly created advisory boards, whose powers are limited to making recommendations, are subject to s. 286.011, F.S.[7]
A limited exception to the applicability of the Sunshine Law to advisory committees has been recognized for committees established for fact-finding only, that is, information gathering and reporting.[8] However, when a committee possesses the authority not only to conduct fact-finding but also to make recommendations, the committee is participating in the decision-making process and is, therefore, subject to s. 286.011, F.S.
From the information you have submitted to this office it is clear that the Hillsborough County Criminal Justice Commission would be created by county ordinance and would serve as a county-wide agency. The commission would be responsible for developing and making recommendations on criminal justice issues in Hillsborough County.
Thus, the commission itself is subject to, and must comply with the requirements of, the Government-in-the-Sunshine Law.[9] You have a number of questions, however, about whether particular discussions between members of the proposed commission are subject to the Sunshine Law.
Question One
Your first question deals with the applicability of the Sunshine Law to conversations between the State Attorney and the Sheriff of Hillsborough County about a specific criminal investigation involving an issue which is generally the topic of study by the Hillsborough County Criminal Justice Commission.
As this office stated in AGO 92-26, officials may discuss matters for which no action by the committee on which they sit is required; however, discussions of matters which would normally come before, or should come before the committee for discussion or action, are subject to the requirements of s. 286.011, F.S. The conduct of a particular ongoing criminal investigation or case would not normally come before the Hillsborough County Criminal Justice Commission in its consideration of the problem of youth gangs in the community.
Therefore, it is my opinion that discussions between the Sheriff and the State Attorney for Hillsborough County which relate to a particular ongoing criminal investigation would not be subject to the Sunshine Law even though both officials are members of the Hillsborough County Criminal Justice Commission and the criminal case may involve facts which are also the general topic of study by the commission.
I would note that, pursuant to s. 119.07(3)(d), F.S., active criminal intelligence information[10] and active criminal investigative information[11] are exempt from the provisions of the Public Records Law. However, as s. 119.07(5), F.S., makes clear "[a]n exemption from this section does not imply an exemption from or exception to s. 286.011. The exemption from or exception to s. 286.011 must be expressly provided. Thus, the exemption of active criminal investigative information from the Public Records Law does not keep such information exempt or confidential if it is discussed at a meeting which is subject to the Government-in-the-Sunshine Law.
Questions Two and Four
Your second and fourth questions deal with discussions between law enforcement officials who are also members of the Hillsborough County Criminal Justice Commission about issues which are being or will be considered by the commission.
As was noted in Question One, s. 286.011, F.S., extends to the discussions and deliberations as well as the formal action taken by a public board or commission. The public is interested in the how and why of official action as well as the final outcome. Thus, in Times Publishing Company v. Williams,[12] the court stated that:
[I]t is the entire decision-making process that the legislature intended to affect by the enactment of the statute before us. This act is a declaration of public policy, the frustration of which constitutes irreparable injury to the public interest. Every step in the decisionmaking process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an "official act," an indispensable requisite to "formal action," within the meaning of the act.[13]
Section 286.011, F.S., therefore, has been construed to apply to any gathering, whether formal or informal, of two or more members of the same board or commission to discuss some matter on which foreseeable action will be taken by that board or commission.[14]
Therefore, it is my opinion that discussions between law enforcement officials who are also members of the Hillsborough County Criminal Justice Commission on matters which are being studied by the commission would come within the scope of s.286.011, F.S. However, to the extent that these discussions relate to an ongoing criminal case or investigation as discussed in response to Question One, or relate to factual inquiries or matters for which no action by the commission is required as in Question Three, those discussions would not fall within the scope of the Sunshine Law.
Question Three
Your third question relates to a factual inquiry from the State Attorney to the Clerk of Court regarding the availability of certain information and a response from the clerk to that inquiry.
As was stated in Question One, public officials may discuss issues for which no action by the committee of which they are members is required; however, discussions of matters which would normally come before, or should come before the committee for discussion or action, are subject to the requirements of s. 286.011, F.S. In this case the conversation appears to be a strictly factual relation of the availability of information and the compatibility of the computer systems of the State Attorney and the Clerk without any discussion of the overall issue of system-wide compatibility of computer operations. Despite the fact that the Hillsborough County Criminal Justice Commission is generally studying the matter of computer operations of the various criminal justice agencies, a request for information from the State Attorney and a response from the Clerk to this request would not appear to violate the Sunshine Law.
Question Five
Your last question presupposes the existence of a specific county-wide policy which the commission has considered and now must adopt or reject. You ask whether a discussion between a Police Chief and the Sheriff about this proposed policy would violate the Sunshine Law. As discussed earlier, "[e]very step in the decision-making process. . . constitutes an `official act,'an indispensable requisite to `formal action,' within the meaning of the act."[15] In the instant case, if the specific policy recommendation has not yet been adopted by the commission, consideration by the group is not necessarily complete and further discussion and consideration are possible. Again, the courts have said that this discussion and consideration stage of the decision-making process is included within the scope of the Sunshine Law.[16] Therefore, until the recommendation has been formally adopted or rejected, members of the Hillsborough County Criminal Justice Commission should refrain from discussing matters which are pending before the commission except at a meeting held pursuant to s. 286.011, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See also, s. 1(1)a.-c., Draft of Hillsborough County Ordinance No. 93- , dated 4/19/93, which would create the Hillsborough County Criminal Justice Commission, stating that the purpose of the "Criminal Justice Commission" is:
a. To provide improved communication between law enforcement and crime prevention efforts in Hillsborough County, Florida;
b. To make recommendations for an efficient, cost effective and timely criminal justice system in Hillsborough County, Florida; and
c. To develop proposals to reduce crime in Hillsborough County, Florida on a permanent basis.
[2] See, s. 286.011(1), F.S., stating that "[a]ll meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times . . . ."
[3] See, Times Publishing Company v. Williams, 222 So.2d 470, 473
(2 D.C.A. Fla., 1969) (entire decisionmaking process affected by the Sunshine Law).
[4] Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969).
[5] Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974); accord, Spillis Candela Partners, Inc. v. Centrust Savings Bank,535 So.2d 694 (3 D.C.A. Fla., 1988).
[6] 442 So.2d 934 (Fla. 1983).
[7] See, e.g., AGO 86-51 (land selection committee appointed by water management district to evaluate and recommend projects for acquisition); AGO 85-76 (ad hoc committee appointed by mayor for purpose of making recommendations concerning legislation); AGO 84-70 (grievance committee).
[8] See, Cape Publications, Inc. v. City of Palm Bay,473 So.2d 222 (5 D.C.A. Fla., 1985); Bennett v. Warden, 333 So.2d 97 (2 D.C.A. Fla., 1976).
[9] Compare, AGO 83-97 (in which this office stated that (a substantial question exists as to whether the Legislature could subject the judiciary or a judicially created committee to the requirements of the Sunshine Law because of the separation of powers doctrine and because the Supreme Court is constitutionally vested with the power to adopt rules for the practice and procedure in all courts).
[10] See, s. 119.011(3)(a), F.S., for a definition of "[c]riminal intelligence information"; and s. 119.011(3)(d)1., F.S., relating the meaning of the word "active" as it applies to criminal intelligence information.
[11] See, s. 119.011(3)(b), F.S., providing a definition of "[c]riminal investigative information"; and s. 119.011(3)(d)2., F.S., which relates what is meant by "active" criminal investigative information.
[12] 222 So.2d 470 (2 D.C.A. Fla., 1969).
[13] Id. at 473.
[14] See, Hough v. Stembridge, 278 So.2d 288 (3 D.C.A. Fla., 1973). And see, Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969); City of Miami Beach v. Berns,245 So.2d 38 (Fla. 1971).
[15] Times Publishing Co. v. Williams, 222 So.2d 470, 473 (2 D.C.A. Fla., 1969).
[16] Id. at 473.