PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar and report of the referee. No petition for review has been filed.
The referee finds:
1. December 1978 respondent acting as an attorney for the executor of an estate caused securities to be sold belonging to the estate proceeds of which were deposited in his general trust account.
2. Subsequently, respondent tendered a check to one of the beneficiaries of the estate from his general trust account which was returned reflecting insufficient funds.
3. A second check drawn on respondent’s trust account to the same beneficiary was again returned for insufficient funds.
4. Between December 1978 and October 1979, the monthly balances in respondent’s trust account were well below the sum required to pay the inheritance which the named beneficiary was entitled to receive although sufficient estate funds were placed in respondent’s trust account.
5. Between November 1971 and January 1973, respondent issued approximately ten- checks totaling $35,000 from the estate account to himself or his law firm. This was accomplished without prior court approval and without disclosure to or approval by the beneficiaries of the estate. The beneficiaries of the estate were forced to institute proceedings to compel respondent to file an accounting.
6. Respondent reached a settlement with the beneficiaries of the estate in November 1979.
7. As a result of this settlement, the Monroe County Surrogate’s Court issued a decree disallowing fees and commissions claimed by respondent and directed respondent to reimburse the estate in the amount of $22,880.40 which reflected unauthorized transfers of estate funds for nonestate purposes.
8. Respondent has reimbursed those clients all monies to them.
9. Disciplinary proceedings were brought in the State of New York against respondent which culminated in an order entered by the Supreme Court of New York, Appellate Division, Fourth Judicial Department, on September 26, 1980.
10. In the disciplinary proceedings, respondent filed a response directed towards mitigation.
11. The order of the Supreme Court of New York found respondent “guilty of unprofessional conduct in that he failed to properly identify and preserve funds of his clients (DR 9-102); failed to maintain complete records of all funds and properties of his clients and to render appropriate accounts to his clients regarding them (DR 9 — 102(b)(3); commingled and converted clients’ funds (22NYCRR1022.-5(a)); failed to maintain thorough and correct records of clients’ fiduciary accounts and withdrew from the accounts monies for his own compensation and used without accounting and reporting to his clients before hand (22NYCRR1022.-5(B)).”
12. This court’s order suspended respondent from the practice of law in the State of New York for a period of two years and until further order of the court.
The referee recommends that John David Baker be found guilty of violating Florida Bar Code of Professional Responsibility, Disciplinary Rule 9-102, and Florida Bar Integration Rule, article XI, Rule 11.02(4), and that he be disbarred for his misconduct which amounted to theft.
We approve the referee’s findings and recommendations. John David Baker is hereby disbarred from the practice of law in Florida. Costs in the amount of $357.59 are taxed against Baker.
It is so ordered.
ALDERMAN, C. J., and OVERTON, MCDONALD and EHRLICH, JJ., concur.
ADKINS and SUNDBERG, JJ., dissent.