490 So.2d 941 (1986)
THE FLORIDA BAR, Complainant,
v.
James W. AARON, Respondent.
Nos. 66454, 67132 and 67542.
Supreme Court of Florida.
July 3, 1986.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee and David G. McGunegle, Bar Counsel, Orlando, for complainant.
David Wilson, III, Winter Haven, for respondent.
PER CURIAM.
This disciplinary proceeding is before us on the complaint of The Florida Bar and the uncontested report of the referee. The referee found respondent guilty of violating article XI, Rule 11.02(4)(c) of the Integration Rule of The Florida Bar and several *942 disciplinary rules of The Florida Bar Code of Professional Responsibility for commingling funds, failing to keep adequate trust account records and failing to reduce a contingency fee agreement to writing. In addition, the referee specifically found a lack of competent evidence indicating dishonesty and noted that respondent was "extremely cooperative" and "totally candid in his testimony." The referee has recommended that respondent (1) receive a public reprimand, and (2) be placed on probation for one year, subject to certain conditions.
We accept the referee's findings and recommendations. Accordingly, respondent is ordered to appear before the Board of Governors of The Florida Bar to receive a public reprimand and is hereby placed on probation for one year subject to the following terms:
1. The Florida Bar shall review Respondent's trust account records on a quarterly basis;
2. Respondent, at his expense, shall provide The Florida Bar with quarterly caseload reports which would include whatever reasonable information is requested by the Bar.
Judgment for costs in the amount of $1,022.76 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and ADKINS, OVERTON, EHRLICH and BARKETT, JJ., concur.