PER CURIAM.
James Aaron and The Florida Bar both petition this Court to review the referee’s recommendations in the instant bar disciplinary proceeding. We havé jurisdiction. Art. V, § 15, Fla. Const.
This Court recently upheld a finding that Aaron was guilty of technical trust account violations, publicly reprimanding him, The Florida Bar v. Aaron, 490 So.2d 941 (Fla. 1986). Subsequent to the issuance of the order in that case The Florida Bar reviewed Aaron’s trust account records and determined that he was not in substantial minimum compliance with the Bar’s rules governing trust accounting. The Bar further charged that Aaron testified falsely at his first disciplinary proceeding.
The referee found that Aaron had failed to distinguish between trust and non-trust funds in his accounting, that he failed to keep separate trust ledgers, and that, on at least sixty-five instances, failed to deposit funds belonging in part to himself and in part to the trust account, constituting commingling per se. He recommended that Aaron be found guilty of violating rule *686 11.02(3)(a) [conduct contrary to honesty, justice or good morals], and rule 11.02(4)(c) [improper trust account record keeping] of article XI of the Florida Bar’s Integration Rule, in addition to disciplinary rule 9-102(B)(3) [improper trust account record keeping] of The Florida Bar’s Code of Professional Responsibility. However, as to the charge that Aaron testified falsely at his initial disciplinary proceeding, the referee found that there was no competent evidence that Aaron understood the question he was being asked which produced the allegedly false statement, and accordingly recommended that Aaron be found not guilty of that charge. As discipline, the referee recommended that Aaron be given a private reprimand and be placed on probation for one year, during which time the Bar shall review Aaron’s trust records on a quarterly basis.
The Bar contends that the referee’s finding of insufficient evidence of making false statements under oath is inadequate, erroneous and unjustified. The portion of the record which the Bar relies on for the charge that Aaron lied to the initial referee states:
Q: Now, Charlie Lee, I think, and Colleen Rook of my office came down and went through your records in August of 1984?
A: I believe so.
Q: And you did then bring those current and in conformance with the rules, subsequent to that visit?
A: Correct.
The Bar alleges that the response to the second question was a misstatement of fact and that Aaron’s records were not brought into conformance with the rules subsequent to the investigation referred to in the first question. The referee found that there was no competent evidence that Aaron understood the import of the question to which he responded “[c]orrect.”
A referee’s findings of fact are not subject to attack unless they are without support in the evidence. While the legal conclusion that Aaron is not guilty of making the misstatement is subject to broader review, the referee’s finding of fact that there was a lack of competent evidence that Aaron understood the question as phrased is entitled to a presumption of correctness which will be upheld absent a showing that the finding is clearly erroneous. The Florida Bar v. Vannier, 498 So.2d 896 (Fla.1986). Because no such showing has been made in this case,[1] the findings of fact will be upheld. The Bar contends that although the findings of fact are correct, the legal conclusion that Aaron was not guilty of lying under oath is incorrect. We disagree. The Bar suggests that the referee’s finding of fact is actually a conclusion of law. Nonetheless we believe that the referee’s conclusion that the misunderstanding of the question clears him of any accusations of making intentional misstatements is correct. In other words, the legal conclusion in question is that Aaron is not guilty of making false statements under oath, a conclusion which follows logically from the fact that he did not understand the question as put to him. Accordingly we uphold the referee’s findings of fact and recommendations as to guilt.
The Bar also contends that a private reprimand is improper discipline in a public probable cause case where the misconduct involved is not minor. We agree that the conduct in this case is not minor and in fact mandates a public reprimand. In addition, we do not believe that one year of probation is sufficient to insure that this sort of misconduct will not repeat itself again. We note that this is not the first time Aaron has been found guilty of failure to maintain his trust accounts properly. With that in mind, we believe that the respondent should be put on probation for a period of two years, during which time his trust records will be open to quarterly inspection by the Orlando branch office of the Florida Bar. Accordingly we approve the referee’s recommendations as to discipline except insofar as he has recommended that Aaron receive a private reprimand and only one year of probation.
*687 We reprimand attorney James W. Aaron and place him on probation for a period of two years, during which time Aaron shall subject his trust accounting records to quarterly reviews by the staff of The Florida Bar. The costs of this proceeding are taxed against the respondent. Judgment for costs in the amount of $972.00 is entered against James W. Aaron for which sum let execution issue.
It is so ordered.
EHRLICH C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.

. Indeed the Bar has conceded in its Brief in Support of Petition for Review that Aaron could have misunderstood the question due to the insufficient explanation by staff counsel.