PER CURIAM.
This disciplinary proceeding is before the Court for consideration of a referee’s report, filed pursuant to rule 3-7.6 of the Rules Regulating The Florida Bar. The Florida Bar opposes the report. We have jurisdiction. Art. V, § 15, Fla. Const.
Respondent, who was the attorney and personal representative for an estate, admits that he violated trust accounting procedures by issuing a $10,000 check from a trust account to pay the estate’s taxes when there were no funds in the account for that purpose. The Florida Bar’s expert conducted an audit of respondent’s accounts in June 1987, and found that he was not in substantial compliance with trust accounting procedures. A follow-up audit was conducted by the same auditor in June 1988, and again it was found that respondent was not in substantial compliance.
The Florida Bar filed a formal complaint alleging violations of the following provisions of the Rules Regulating The Florida Bar: 5-1.2(b)(5) (failure to maintain a separate cash receipts and disbursements journal); 5-1.2(b)(6) (failure to maintain a separate file or ledger card for each client or matter); 5-1.2(c)(l)(b) (requiring certain trust accounting procedures, including monthly comparisons); 5-1.1 (requiring funds be held in trust for a specific purpose).
The referee heard testimony from the Bar’s accounting expert, respondent’s client, and respondent, who testified that although procedures were violated, all parties received the amounts due them and no funds were diverted to his own use. The referee found that respondent had employed the services of a professional accountant and records were retained by that accountant rather than returned to respondent, which explained his failure to maintain certain documents. The referee further found that although respondent may have been responsible for certain “technical violations,” no party was injured by these violations, and respondent had instituted remedial procedures to guard against future violations. Premised upon the above findings, the referee recommended that respondent be found not guilty of the alleged violations and that each party be responsible for its own costs.
We find the conclusion of the referee (that there was no violation of the rules) *515 unsupported by the record; we cannot agree, therefore, with his recommendations. There is no evidence in the record to support the conclusion that respondent was in substantial compliance with the rules. Neither of respondent’s experts so testified. One expert, recently hired, testified that he felt sure his accounting system was going to render proper balances and reconciliations in respondent’s accounts in the future; the other testified that he had set up journals and ledgers according to the Bar’s rules — he was silent on their maintenance. By contrast, the Bar introduced unrebutted testimony that respondent’s records, at the time of the follow-up audit, were still not' in substantial compliance with the rules because they were lacking monthly comparisons, there were negative balances in the account, and respondent was still commingling accounts. Furthermore, respondent himself testified that he had delegated the responsibility for oversight of accounting to his secretary — he did not have “the time and the knowledge to really do it properly.”
In view of this unrebutted testimony, and in accordance with The Florida Bar v. Hosner, 518 So.2d 1057 (Fla.1987), and The Florida Bar v. Padrino, 500 So.2d 525 (Fla.1987), the facts of which are substantially similar to the facts in the case at hand (no prior discipline and no harm to client), we publicly reprimand respondent and place him on probation for a period of two years, with the condition that quarterly reports by a certified public accountant be submitted to The Florida Bar showing compliance with the trust accounting rules. Finally, The Florida Bar’s costs in this proceeding are assessed against the respondent, and we remand only for the purpose of determining costs.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.