PER CURIAM.
This is a lawyer disciplinary proceeding in which the respondent, James C. McKenzie, seeks review of both the referee’s findings of fact and recommended discipline imposing a three-year suspension. The Florida Bar has cross-appealed seeking to increase the discipline to disbarment.[1] We approve the findings of the referee and increase the discipline to disbarment.
The Bar filed a two-count complaint against McKenzie. The Bar alleged that McKenzie had violated the Code of Professional Responsibility DR 2-106(A) (a lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee); DR 6-101(A)(l) (a lawyer shall not handle a legal matter which he knows or should know that he is not competent to handle without associating with him a lawyer who is competent to handle it); and DR 6-101(A)(2) (a lawyer shall not handle a legal matter without preparation adequate in the circumstances). Count two of the complaint is no longer an issue in these proceedings.
The referee made these express findings: In 1979, Respondent was retained to represent the Estate of Jack Fisher. Respondent’s legal fee for representation of the Fisher Estate was based upon the “Minimum Fee Schedule” of the Clear-water Bar Association. Said Fee Schedule was no longer in existence at the time Respondent was retained. On or about February 5, 1980, Respondent filed an Inventory of Estate Assets. The Inventory of Estate Assets included a large quantity of assets which were owned as tenants by the entirety by Jack Fisher and his wife. According to the inventory prepared by Respondent, the Fisher Estate listed assets of $458,314.50. Respondent charged a legal fee of $13,-975.86 based upon the “Minimum Fee Schedule.” Subsequent to Respondent’s discharge from the case, in July 1981, a Final Accounting of Personal Representative was filed which included only $853.75 as the total assets in probate. The Final Accounting established total assets at $853.75, because the great majority of the assets placed on the inventory prepared by Respondent were in fact owned as tenants by the entireties and did not pass through probate. As of July 1981, Respondent had been paid $4,000.00 in legal fees for his representation of the Fisher Estate. However, Respondent continued to claim his fees were $13,975.86.
I find that Respondent charged a clearly excessive fee. I further find that Respondent did not competently investigate and review the probate case. Specifically, Respondent should have ascertained that the jointly held stock with the right of survivorship (almost the entire estate) was not a probate asset. Accordingly, Respondent should not have charged a percentage of those jointly held assets. Also of great importance, I find that the Respondent’s testimony at the Final Hearing was less than truthful. Respondent’s testimony was shocking and incredible.
The referee noted that McKenzie had a prior disciplinary record, specifically, The Florida Bar v. McKenzie, 432 So.2d 566 (Fla.1983) (public reprimand); The Florida Bar v. McKenzie, 442 So.2d 934 (Fla.1983) (public reprimand); and The Florida Bar v. McKenzie, 557 So.2d 31 (Fla.1990) (suspension from the practice of law for a period of ninety-one days). The referee also noted, as aggravating factors:
Prior disciplinary offenses; Dishonest or selfish motives; Submission of false testimony or evidence before the Referee *55-121 during the disciplinary proceeding; Refusal to acknowledge the wrongful nature of his conduct; Substantial experience in the practice of law.
The referee found McKenzie guilty as charged and recommended that he be disciplined by a three-year suspension from the practice of law.
McKenzie asserts that the agreement for fees was not excessive when originally made. He claims that, when later events showed that the assets were jointly held, he attempted to renegotiate the fee down if the trust was not included in the assets. Furthermore, McKenzie alleges that he never made any claim in the estate for fees that he had already earned.
Given McKenzie’s total conduct in this incident, including the submission of false testimony before the referee, and McKenzie’s prior disciplinary record, we find that the only appropriate discipline is disbarment. Accordingly, respondent is hereby disbarred, effective June 8, 1991, thereby giving him thirty days to close out his practice. Judgment for costs in the amount of $1,489.20 is hereby entered against McKenzie, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
McDONALD, J., dissents.

. We have jurisdiction. Art. V, § 15, Fla. Const.