606 So.2d 623 (1992)
THE FLORIDA BAR, Complainant,
v.
James W. AARON, Respondent.
No. 77962.
Supreme Court of Florida.
October 22, 1992.
*624 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Larry L. Carpenter, Bar Counsel, Orlando, for complainant.
James W. Aaron, pro se.
PER CURIAM.
James W. Aaron petitions for review of the referee's report filed in this disciplinary action brought by the Florida Bar. We have jurisdiction pursuant to article V, section 15, Florida Constitution. We hereby disbar Aaron from the practice of law in Florida.
On July 14, 1988, this Court publicly reprimanded Aaron for trust account violations and placed him on a two-year probation with quarterly reviews of his trust account.[1] During one of the periodic reviews of Aaron's accounts, the auditor discovered the misconduct that is the subject of this proceeding. As the attorney for the co-personal representative and co-trustee of an estate, Aaron assisted in opening the decedent's estate. As an authorized signatory on the estate bank account, he withdrew $150,000.00 from the estate account and deposited that sum into his personal and family passbook savings account. Aaron ultimately transferred a portion of the money back into the estate account and a portion into the decedent's trust fund.
The referee found that in the final accounting that Aaron prepared and filed with the court, he failed to account for $47,000.00 in estate checks that were made payable to him or negotiated by him. In addition, he converted for his personal use $7,000.00 left in the estate account. Although the final accounting reflected the complete liquidation of the stocks of the estate, certain stocks remained unliquidated and undistributed and paid dividends to Aaron.[2]
The referee recommended finding Aaron guilty of failing to hold the client's funds in trust separate from his own property[3] and of failing to promptly deliver to a client or third party any funds that the client or third person was entitled to receive.[4] The referee also recommends finding him guilty of committing an act contrary to honesty and justice.[5] The referee recommended that Aaron be suspended for a period of three years and that he be required to pay The Florida Bar's costs in prosecuting this matter.
In determining the appropriate discipline, this Court may balance any mitigating circumstances against the seriousness of the misconduct. The Florida Bar v. Golub, 550 So.2d 455 (Fla. 1989). We recognize that Aaron has provided a valuable service to his community by rendering free legal services to people in financial need. However, Aaron's charitable work does not overcome his pattern of misusing client funds, one of the most serious offenses a lawyer can commit. The Florida Bar v. Newman, 513 So.2d 656 (Fla. 1987). Given the nature and severity of Aaron's professional *625 misconduct in this case, and in light of his prior disciplinary history, we conclude that disbarment is the appropriate discipline. Accordingly, James W. Aaron is hereby enjoined and prohibited from practicing law in the State of Florida. So that the interests of his clients may be protected, Aaron's disbarment will be effective thirty days from the filing of this opinion. After this opinion's filing date, he will accept no new business. Judgment for costs in the amount of $5,253.20 is hereby entered against James W. Aaron, for which sum let execution issue.
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
BARKETT, C.J., dissents with an opinion.
BARKETT, Chief Justice, dissenting.
Although I do not disagree with the majority's view of the seriousness of the offense committed, I am concerned about the due process problems implicit in this case.
At the hearing before the referee, The Florida Bar recommended and sought a three-year suspension. The referee accepted the Bar's suggested discipline and in turn recommended a three-year suspension to this Court. The Respondent appealed arguing that the three-year suspension was too harsh. The Bar, on appeal, continued to adhere to its recommendation of a three-year suspension.
The majority of this Court, however, has chosen to ignore these recommendations and to disbar Aaron.
The unfortunate irony is that had Aaron simply accepted the recommendation and not appealed, he almost certainly would have had a three-year suspension. Thus, by appealing, Aaron is significantly worse off. A lawyer should not have to choose between risking disbarment by appealing to this Court and not appealing at all.
I respectfully dissent.
NOTES
[1] The Florida Bar v. Aaron, 529 So.2d 685 (Fla. 1988). Aaron also received a public reprimand in 1986 for improper trust accounting records and procedures. The Florida Bar v. Aaron, 490 So.2d 941 (Fla. 1986).
[2] Aaron has reimbursed the estate for the stock dividends he received and has executed a promissory note in the amount of $54,000.00 for money he owes the estate for excess attorney fees.
[3] R.Regulating Fla.Bar 4-1.15(a).
[4] R.Regulating Fla.Bar 4-1.15(b).
[5] R.Regulating Fla.Bar 3-4.3. The referee also found Aaron guilty of similar violations under the former Code of Professional Responsibility for misconduct that occurred prior to 1987. Effective January 1, 1987, the Rules Regulating The Florida Bar superseded the Code.