607 So.2d 416 (1992)
THE FLORIDA BAR, Complainant,
v.
Shalle Stephen FINE, Respondent.
No. 76584.
Supreme Court of Florida.
November 5, 1992.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Paul A. Gross, Bar Counsel, Miami, for complainant.
Shalle Stephen Fine, pro se.
PER CURIAM.
Both The Florida Bar and Shalle Stephen Fine seek review of the referee's recommended discipline in this matter. We have jurisdiction. Art. V, § 15, Fla. Const.
From October 1981 to August 1988, Fine served as personal representative for the estate of Jerry Mosca. He performed the *417 service without compensation. In January 1987, Fine received a check in the amount of $9400 on behalf of the estate. Rather than depositing the check in an estate account, Fine, in a series of transactions, moved the funds through his trust account and finally into his operating account. However, when later called upon to do so, Fine repaid the funds for the benefit of the estate. In September 1990, the Bar filed a complaint against Fine based on his handling of the funds.
After a hearing, the referee found Fine guilty of violating rules 3-4.3 (misconduct and minor misconduct), 4-1.15(a) (a lawyer shall hold a client's property in trust separate from his own funds), and 5-1.1 (general rules regulating trust accounts), of the Rules Regulating the Florida Bar. The referee found Fine not guilty of violating rule 4-8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation).
Also, the referee found a number of mitigating circumstances. Fine replaced the funds before the Bar initiated any actions against him. Any delay in the distribution of the funds to the beneficiaries was due to the lack of cooperation of Mosca's heirs, not Fine's misconduct, and there was no client harm present. Further, Fine demonstrated genuine remorse and a cooperative attitude toward the proceedings against him. Despite concluding that Fine had intentionally handled the funds in an improper manner, the referee found there was no evidence of any illegal intent or mens rea which would indicate that the transfer of funds between accounts was for a purpose bespeaking moral turpitude, nor any bad intent on Fine's part. Finally, Fine has never been previously disciplined either as an attorney or in a private capacity and enjoys an excellent reputation in the community. This case represents an isolated incident. The referee found that there was no continuing course of conduct present and that it is highly unlikely that Fine will engage in this type of conduct again.
The referee recommended that this Court suspend Fine for ninety days, require Fine to take and pass the ethics portion of the Florida Bar exam, and require Fine to pay the costs associated with the proceedings.
The Bar argues that Fine's conduct involved bad intent or mens rea and that the referee erred in finding Fine not guilty of violating rule 4-8.4(c). However, a referee's "findings should be upheld unless clearly erroneous or without support in the evidence." The Florida Bar v. Hirsch, 359 So.2d 856, 857 (Fla. 1978). The referee who presides over the proceedings is in the best position to make judgments concerning the character and demeanor of the lawyer being disciplined. It is clear that the referee did not believe that Fine acted with any bad intent. Further, the referee found no evidence of illegal purpose which would indicate moral turpitude. The findings as to this issue are supported by the record. We approve the referee's finding that Fine did not act with bad intent.
Fine contends that, as a matter of law, the facts established do not constitute violations of rule 4-1.15(a) or rule 5-1.1. First, he argues that there was no lawyer-client relationship present in this case. He was acting as personal representative for the estate and, therefore, rule 4-1.15(a) does not apply. Rule 5-1.1 does not apply because rule 5-1.2(a) specifically exempts personal representatives' accounts from trust accounting rule requirements.
Rule 4-1.15(a) does not, as Fine argues, only apply to attorney-client relationships. The rule provides in part, "A lawyer shall hold in trust, separate from the lawyer's own property, funds and property of clients or third persons that are in the lawyer's possession in connection with a representation." Fla.Bar R.Prof.Conduct 4-1.15(a). Thus, on its face, rule 4-1.15(a) applies to a lawyer's dealings with third parties, and we believe the word "representation" is sufficiently broad to include a fiduciary relationship. When Fine received the funds for the Mosca estate, the rule obligated him to keep the money separate from his own despite the fact that he was acting as personal representative and not attorney for the estate. Fine violated the rule by moving the funds from his trust account to his operating account.
*418 While rule 5-1.2 does provide an exception to the general trust accounting rules for lawyers acting as personal representatives, it only applies "where the trust funds are maintained in a segregated special trust account and not the general trust account." Fine did not maintain a special account for the Mosca estate. He placed the monies into his general trust account and then moved it to his operating account. Clearly, rule 5-1.2's exception does not apply in this case.
Accordingly, we approve the referee's finding that Fine's actions constituted violations of rules 4-1.15(a), 5-1.1, and 3-4.3. Finally, both the Bar and Fine urge us to disregard the referee's recommendation as to discipline. The Bar contends that a three-year suspension is more appropriate in this case, while Fine argues that the recommended ninety-day suspension is too harsh. Although we view trust account violations as very serious, the nature of Fine's infractions and the mitigating circumstances present in this case lead us to conclude that the three-year suspension sought by the Bar is inappropriate here. We have carefully considered the record, the referee's report, and the parties' briefs and conclude that the recommended discipline is proper.
Accordingly, Shalle Stephen Fine is hereby suspended for a period of ninety days. The suspension shall become effective on December 7, 1992, thereby giving respondent time to take the necessary steps to wind up his affairs and protect his clients' interests. Fine must complete and pass the ethics portion of the Florida Bar exam prior to his reinstatement. Judgment for costs in the amount of $1841.83 is hereby entered against Fine, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
KOGAN, J., recused.