PER CURIAM.
Both The Florida Bar and the respondent, William A. Borja, petition this Court to review the referee’s findings and recommendations in the instant bar disciplinary proceeding. We have jurisdiction. Art. V, §' 15, Fla. Const.
*22 The report of the referee contains the following findings of fact:
In June, 1987 The Florida Bar audited the Respondent’s trust account, covering the period from January 1985 through June 1987. In addition, in June 1988, The Florida Bar conducted a follow-up audit on Respondent’s trust account covering the period from June 1987 through May, 1988. In December, 1988, a disciplinary hearing was held before Judge Alvarez in regard to Respondent’s trust account violations noted by The Florida Bar audits of June, 1987 and June, 1988. From July 1, 1987 through May 31, 1988, the Respondent failed to prepare trust account reconciliations. During the same period of time, Respondent commingled his earned fees with client funds in his trust account. Judge Alvarez found the Respondent not guilty of trust account violations. The Florida Supreme Court reversed Judge Alvarez’ ruling, found the Respondent guilty of trust account violations and publicly reprimanded the Respondent and placed him on probation for a period of two (2) years. [The Florida Bar v. Borja, 554 So.2d 514 (Fla.1990).]
The Florida Bar alleged during the instant case, that during the disciplinary hearing before Judge Alvarez, the Respondent and/or his witnesses provided false and/or misleading testimony which caused Judge Alvarez to make his ruling that the Respondent was not guilty of trust account violations. I find that the Respondent was so out of touch and unfamiliar with the Bar rules and procedures, that he did not KNOWINGLY provide false testimony during the December 1988 disciplinary proceeding before Judge Alvarez.
Approximately one month after The Florida Bar’s follow-up audit of June 1988, the Respondent’s secretary, Carol Stephanick, started stealing from the Respondent’s trust account and later from his guardianship and estate accounts. Ms. Stephanick also stole funds from the Respondent’s operating account. The Respondent did not discover the thefts by Ms. Stephanick until the spring of 1989. In approximately August, 1989, the Respondent’s Secretary Athena Kam-pouroglos also stole funds from the Respondent’s trust account and guardianship and estate accounts. I find that the Respondent’s secretaries stole an excess of $60,000.00 from the Respondent’s trust account and estate and guardianship accounts.
From June 1,1988 through April, 1990, Respondent failed to maintain on a monthly basis all required trust account records. In addition, from June 1988 to April 1990, the Respondent failed to follow all required trust account procedures. Further, from June 1988 through April 1990, the Respondent continued to commingle his earned fees with client funds.
On or about August 21, 1989, the Respondent submitted his 1989 Statement of Annual Bar Dues to The Florida Bar. Respondent certified as true in said statement that, from June 1988 through June 1989, he kept all required trust accounting records and procedures and no shortages were in his account. The Respondent noted on the statement “exceptions for Florida Bar audit/comments” which referred to the June 1988 follow-up audit. I find that the Respondent misrepresented to The Florida Bar the status of his trust account in his 1989 Statement of Annual Bar Dues.
Based on these findings, the referee recommends that Borja be found guilty of violating the following Rules Regulating The Florida Bar: 1) rule 4-1.15(a) for commingling his fee funds with client trust funds and for failing to maintain or produce complete records regarding his trust account; 2) rule 4-8.4(c) for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation in connection with his 1989 Statement of Annual Bar Dues; 3) rule 5-1.1 for using client trust funds for purposes other than the specific purpose for which they were entrusted to Borja; 4) rule 5 — 1.2(b)(5) for failing to maintain and produce a cash receipt journal for June 1988 to January 1989 and a cash disbursements journal for July 1988, September *23 1988 to January 1989, and July 1989; 5) rule 5-1.2(b)(6) for maintaining ledger cards containing posting for both trust and operating account transactions without proper segregation and failing to include in the client ledger cards the unexpended balances and the reason for which all trust funds were received, disbursed, or transferred; and 6) rule 5 — 1.2(c)(1), (2), (3) for failing to maintain or produce monthly bank reconciliations, monthly comparisons, and annual listings for the period from June 1988 to July 1989. However, in light of her finding that Borja did not knowingly provide false testimony during the prior disciplinary proceeding, the referee recommends that Borja be found not guilty of violating rule 4-8.1(a) (a lawyer in connection with a disciplinary matter shall not knowingly make a false statement of material fact) and rule 4-8.1(b) (a lawyer in connection with a disciplinary matter shall not fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter) of the Rules Regulating The Florida Bar.
As discipline, the referee recommends that Borja be suspended from the practice of law for ninety days. In addition, she recommends that Borja be placed on probation for two years and as conditions thereof he submit to quarterly audits by the Bar, attend a seminar given by The Florida Bar’s Law Office Management Advisory Service on trust accounting procedures for a minimum of three hours and bear the expense of both the audits and the seminar. In making this recommendation, the referee considered in aggravation Borja’s extensive disciplinary record which includes: 1) a 1988 private reprimand for engaging in conduct prejudicial to the administration of justice in violation of former Disciplinary Rule 1-102(A)(5) and for failing to seek the lawful objectives of his client in violation of former Disciplinary Rule 7-101(A)(l); 2) a January 1990 public reprimand and two years probation for trust account violations; 3) a June 1990 public reprimand and two years probation consecutive to the January 1990 probation for charging his client a clearly excessive fee by means of intentional misrepresentation as to either entitlement to or amount of the fee in violation of rule 4-1.5(A); and 4) a January 1991 public reprimand for disobeying an obligation under the rules of a tribunal in violation of rule 4-3.4(a), (c) and for incompetence in violation of rule 4-1.1. In mitigation, the referee considered the fact that no client was injured and there was no benefit to the respondent.
The Bar challenges the findings and recommendations in connection with the charges of presenting false testimony at the December 1988 hearing and maintains that Borja should be disbarred. Borja challenges the referees findings and recommendations in connection with the other disciplinary violations. Because neither the Bar nor Borja has shown that the findings are clearly erroneous or lacking in evidentiary support, we uphold the referee’s findings of fact. The Florida Bar v. Scott, 566 So.2d 765, 767 (Fla.1990); The Florida Bar v. Aaron, 529 So.2d 685, 686 (Fla.1988). We therefore approve the recommendations of guilt flowing from those findings.
However, while we are not persuaded that disbarment is necessary in this case, we believe a more severe sanction than that recommended by the referee is warranted by Borja’s extensive disciplinary record and the fact that Borja misused clients’ funds and misrepresented to the Bar the status of his trust account. Cf. The Florida Bar v. Whitlock, 426 So.2d 955 (Fla.1982); The Florida Bar v. Breed, 378 So.2d 783, 785 (Fla.1979). Accordingly, we hereby suspend William A. Borja from the practice of law for one year. He thereafter may be readmitted upon proof of rehabilitation. R.Reg.Fla.Bar 3-5.1(e). As a condition of his suspension, Borja must complete a minimum of three hours of seminars on trust accounting procedures given by The Florida Bar’s Law Office Management Advisory Service. The suspension shall be followed by a two-year probation during which Borja’s trust account will be subject to quarterly audit by the Bar. Bor-ja shall bear the expense of both the audits and the seminars. The suspension shall be effective thirty days from the date of this opinion, to allow Borja an opportunity to *24 close out his practice. From the date of this opinion, Borja shall accept no new business and shall promptly take all steps necessary to protect the interests of his clients. Judgment for costs in the amount of $7,215.04 hereby is entered against Bor-ja, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.