626 So.2d 658 (1993)
THE FLORIDA BAR, Complainant,
v.
Gail Anne ROBERTS, Respondent.
No. 79555.
Supreme Court of Florida.
October 28, 1993.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Lorraine C. Hoffmann, Bar Counsel, Fort Lauderdale, for complainant.
John A. Weiss, Tallahassee, for respondent.
PER CURIAM.
We have for review the report of the referee and The Florida Bar's complaint asking that we impose professional discipline on Gail Anne Roberts for ethical breaches. We have jurisdiction. Art. V, § 15, Fla. Const.
Roberts was conditionally admitted to The Florida Bar in December 1986. The terms of the admission required her to be placed on probation for three years subject to both periodic and random urinalysis to ensure she was not engaging in substance abuse. In early 1990 eleven days after Roberts' conditional admission ended, The Florida Bar filed a petition for an order to show cause why she should not be held in contempt of Court for violating her probation. However, Roberts and the Bar then entered into an agreement extending her conditional admission, and the Bar voluntarily dismissed its petition.
In May 1990 Roberts was arrested for attempting to purchase $40.00 worth of cocaine from an undercover officer in Naples. She later pled no contest to the felony charge of attempting to purchase a controlled substance. Nevertheless, the referee below specifically found that Roberts substantially complied with her periodic urinalysis since October 1989 and has immediately complied when the Bar has sought random testing. Essentially the only violation found by the referee was Roberts' attempt to buy a controlled substance, and in this regard the referee noted that the undercover agent initiated the encounter in which Roberts tried to make the purchase. The referee also found that Roberts' judgment was impaired by alcohol at the time. The referee then concluded that an offense of this type normally would warrant a suspension in the range of ninety-one days to six months. But the referee enhanced the recommended penalty to a three-year suspension because of Roberts' violation of her conditional admission.
The Bar disputes the referee's recommended discipline and asks that we disbar *659 Roberts or revoke her conditional admission. Roberts, on the other hand, asks that we suspend her for only eighteen months followed by three years' probation.
The factual findings of the referee are supported by competent evidence and therefore must be accepted as true by this Court. The Fla. Bar v. Bajoczky, 558 So.2d 1022 (Fla. 1990). Although recommendations as to discipline are subject to broader review, we have said that they come to this Court with a presumption of correctness. The Fla. Bar v. Poplack, 599 So.2d 116 (Fla. 1992); The Fla. Bar v. Langston, 540 So.2d 118 (Fla. 1989). We find nothing in the record or the law sufficient to defeat that presumption.
Accordingly, we accept the facts and recommended discipline. Roberts is hereby suspended from The Florida Bar for a period of three years effective retroactively from April 6, 1992, the date of her prior automatic felony suspension. Judgment for costs in the amount of $1,513.98 is hereby entered against Roberts in favor of The Florida Bar, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.
GRIMES, J., dissents with an opinion.
GRIMES, Justice, dissenting.
Roberts had a drug problem of long standing. Following an investigation, the Florida Board of Bar Examiners determined to recommend that Roberts be admitted to the Bar if she would agree to a probationary admission subject to certain terms and conditions. Roberts accepted the offer of conditional admission, signed a consent agreement, and was thereafter conditionally admitted to The Florida Bar by this Court. As a condition to her admission, she was placed on probation for three years with the requirement that she abstain from all nonprescription controlled substances and submit monthly urinalysis reports to verify her compliance with the probation.
The purpose of the conditional admission program was explained at the evidentiary hearing by Richard Smoak, a former member of the Florida Board of Bar Examiners:
There was concern at that time, and this is the 1985/1986 time frame, that people who had either emotional problems or substance abuse problems were being treated in an all or nothing decision. They were recommended for admission or they were recommended to be denied admission, and often it was a very close call. There was concern that people with problems, with the potential for problems in the future, were being admitted because of it being a close call, and there was also concern that people who had had problems, but may do all right, were still being recommended to be denied because of their past problems. It was considered, then, that a conditional or probationary admission might be the solution in which people who previously may have been denied admission were admitted on condition pursuant to a consent agreement with that person. They would then be in a support structure for monitoring and for a specified period of time. We felt that that would accomplish fairness in one not having to recommend admission on people who might well develop problems and thus harm the public. On the other hand, it enabled us to recommend admission for people who seemed to be able to work within a structured setting under specified conditions.
Many Florida lawyers who have received conditional admissions have successfully completed their probationary periods. It is evident, however, that the conditional admission program will not accomplish its purpose if the conditions of probation are not strictly enforced.
During the course of her probationary period, Roberts frequently failed to submit the required urinalysis reports. As further evidence of irresponsibility, she wrote a worthless check to the sheriff in 1988, failed to pay her dues during the 1988-1989 fiscal year, and even continued to practice law thereafter. Because of her continued failure to comply with the conditions of her admission, her probation was extended for an additional three years. Six weeks later, Roberts was *660 arrested for attempting to purchase cocaine and thereafter pled no contest to the charge.
Roberts is not in the position of the ordinary lawyer admitted to the Bar without conditions. She was a marginal candidate in the first place. She has been given ample opportunity to overcome her problem but has failed to do so. To allow her to continue to practice law runs the risk of causing injury to the public. I would disbar her from the practice of law.