656 So.2d 1273 (1995)
THE FLORIDA BAR, Complainant,
v.
Geneva FORRESTER, Respondent.
No. 82090.
Supreme Court of Florida.
June 29, 1995.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David R. Ristoff, Branch Staff Counsel and Bonnie L. Mahon, Asst. Staff Counsel, Tampa, for complainant.
Henry P. Trawick, Jr. of Trawick, Valentine & Hagan, P.A., Sarasota, for respondent.
PER CURIAM.
The Florida Bar petitions for review of the referee's findings of guilt and recommended discipline in the case of Geneva Forrester. We have jurisdiction pursuant to article V, section 15, of the Florida Constitution.
Sarainne L. Andrews died on June 19, 1991, and designated Lillie Haynes as her personal representative in her will. Haynes retained respondent Geneva Forrester to represent her in the administration of the Andrews estate, which was valued at $14,800,000. About a week after decedent's death, Haynes and Forrester each took an advance fee. Forrester received $80,000 and deposited the funds in her operating account. In July, Haynes and Forrester agreed they would ask the residuary beneficiaries to approve fees for each of them based on a percentage of the estate. If the residual beneficiaries did not agree, Haynes and Forrester determined the probate court could set a reasonable fee for Forrester's services. Only three of thirteen residual beneficiaries gave approval of the fee plan, one of whom later withdrew consent. Haynes and Forrester subsequently took another advance fee on August 20, 1991. Forrester received a sum of $115,000 and deposited the advance into her operating account.
In November 1991, Haynes discharged Forrester, and Forrester moved for fees in the approximate amount of $521,000. As a result, the probate court held an evidentiary hearing to determine the appropriate amount of Forrester's fee. Haynes, Forrester, Forrester's employees, and several expert witnesses testified at the hearing.
After considering the testimony presented at the evidentiary hearing, the probate judge held that Forrester, her associate, paralegal, and staff worked for 294 hours at varying hourly rates for a total fee of $46,725. The probate court offset this amount against Forrester's $195,000 advance and ordered her to repay the estate $165,424.24. The Second District Court of Appeal per curiam affirmed the probate court's order. In re Estate of Andrews, 638 So.2d 944 (Fla. 2d DCA 1994).
Forrester did not have the funds to repay the estate immediately and attempted to negotiate a settlement. When the estate continued its action for repayment, Forrester filed Chapter 11 and then Chapter 7 bankruptcy *1274 proceedings in order to protect her professional association.
Based on these facts, The Florida Bar initiated an investigation and audit of Forrester. As a result of its findings, the Bar levied two counts of rule violations against her. The complaint proceeded to a hearing, and the referee filed a report in which he stated:
The parties stipulated that the referee could take judicial notice of the probate file in the Estate of Sarainne Andrews, deceased. The referee reviewed the file. The referee asked the parties to research the question of law about the finding [sic] effect of the order on fees in the probate proceeding insofar as this grievance proceeding is concerned. At argument both parties agreed that the order on fees in the probate proceeding was not binding on the referee although they differed in their basis for reaching that conclusion. The referee accepted the parties' conclusion on this point of law.
The referee then set forth his findings. Of the twelve rule violations the Bar alleged in Count I, the referee found that Forrester violated only rule 4-1.5(a) (attorney shall not enter agreement for, charge, or collect a clearly excessive fee) of the Rules Regulating The Florida Bar. The referee expressly stated with regard to this violation:
This proceeding arose because of the fee paid to respondent and has escalated into a charge of embezzlement of trust funds. It actually boils down to whether or not respondent is guilty of charging an excessive fee and subject to disciplinary proceedings. I find there has been a clear violation of Rule 4-1.5(a) as alleged in Count I for the reason that, although there was no specific fee agreement, Haynes and respondent treated the $195,000.00 fee as a nonrefundable fee. Respondent was discharged by Haynes before earning the full amount of $195,000.00 and no part of it has been repaid or placed with a mutually agreed on escrow agent, pending a final determination of the fee.
....
... From the evidence presented in this proceeding ..., I find respondent should be allowed the following fees:

Geneva Forrester 559.25 hrs. @ $300.00 per hr. $167,775.00
Richard Sanders 5 hrs @ $175.00 per hr. $ 875.00
Paralegal 20 hrs @ $75.00 per hr. $ 1,500.00
Staff Accountant
 (Sally Biggs) 54 hrs @ $75.00 per hr. $ 1,300.00

resulting in a total fee of $174,190.00 that respondent earned.
Respondent should be allowed a setoff of $174,190.00 against the $195,000.00. This leaves a balance of $20,810.00 plus interest at 12% a year from August 20, 1991. I recognize that the judgment of the probate judge has become final insofar as the civil liability of respondent is concerned so that my finding on the fee is applicable only to this proceeding and to the discipline that I subsequently recommend.
As to count II, the referee found that Forrester violated rule 5-1.1(g) (attorney generally may not use money held in trust for one client for purposes of carrying out business of another client) of the Rules Regulating The Florida Bar by improperly writing a check to herself out of a trust account on the same day that she deposited a check, which was later returned for insufficient funds, to cover her withdrawal. Forrester was also found to have violated rule 5-1.2(c)(1)(A) and (B) (establishing minimum trust accounting procedures) of the Rules Regulating The Florida Bar by failing to timely prepare monthly comparisons and reconciliations of trust account funds.
For the violation in count I, the referee recommended a thirty-day suspension and suspension thereafter for an indefinite period until Forrester paid the cost of the disciplinary proceedings and a sum of $20,810 plus interest to the estate. The referee further recommended that Forrester be publicly reprimanded for the violations in count II.
The Bar argues that the referee's findings of fact with regard to count I are contrary to *1275 the competent evidence in the record. The Bar maintains that the probate court's findings concerning Forrester's fees are more clearly supported by the record. In addition, the Bar claims that contrary to the referee's report there is clear and convincing evidence supporting findings that Forrester violated rules 4-8.4(c) (attorney shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 4-8.4(d) (attorney shall not engage in conduct that is prejudicial to the administration of justice), 5-1.1 (money entrusted to an attorney for a specific purpose must be applied only to that purpose), 4-1.15(a) (attorney shall hold trust funds separate from own property), 4-1.15(b) (upon receiving funds in which client or third party has interest, attorney shall promptly notify client or third party), 4-1.15(c) (when attorney has possession of property in which both lawyer and client have an interest, attorney must treat as trust property), 4-1.1 (attorney shall provide competent representation), 4-1.4(b) (attorney shall explain matter so client can make informed decision), and 4-3.4(c) (attorney shall not disobey an obligation under the rules of a tribunal) of the Rules Regulating The Florida Bar. The Bar does not challenge the referee's findings with regard to count II.
In Florida Bar v. Marable, 645 So.2d 438 (Fla. 1994), we held:
In a disciplinary proceeding before a referee, the Bar has the burden of proving the allegations of misconduct by clear and convincing evidence. However, on review of a referee's findings of fact, this Court presumes the findings to be correct. A referee's findings of fact should be upheld unless clearly erroneous or lacking in evidentiary support. Because the referee is in the better position to evaluate the demeanor and credibility of the witnesses, the referee's findings of fact should be upheld if they are supported by competent, substantial evidence. On review, this Court neither reweighs the evidence in the record nor substitutes its judgment for that of the referee so long as there is competent, substantial evidence in the record to support the referee's findings. This is the standard of sufficiency of evidence that we will apply on review.
Id. at 442 (footnotes omitted). In applying this standard of sufficiency of evidence to this case, we find that the record contains competent, substantial evidence supporting the referee's findings as to count I.
The Bar asserts that the presumption of correctness afforded a referee's findings pursuant to rule 3-7.6(k)(1)(A) of the Rules Regulating The Florida Bar should not apply here with regard to the amount of Forrester's fee because the referee, in setting that fee, relied in part on the record of the probate proceeding rather than live testimony. In Marable, we did conclude that a portion of the referee's findings which was based upon a tape-recorded statement of the respondent attorney was not supported by competent, substantial evidence. 645 So.2d at 443. In reaching this conclusion we stated that "[d]eference to the trier of fact's direct observation of a witness's demeanor is less compelling when a tape-recorded voice is being judged rather than live testimony." Id.
We note, however, that in this case, the referee used the transcript of the testimony of the witnesses who appeared in the hearing before the probate judge because both parties stipulated that the testimony and evidence adduced during the eight-day evidentiary hearing on fees could be utilized in lieu of live testimony. The parties likewise stipulated that the order on fees was not binding on the referee. Based upon the evidence introduced as a result of these stipulations as well as additional evidence presented at the disciplinary hearing, the referee set Forrester's fee. We conclude that there was competent, substantial evidence in the record supporting that amount, and we will therefore not reweigh the evidence or substitute our judgment for that of the referee.
A referee's recommendations as to discipline are subject to broader review by this Court than the referee's findings of fact, but we have said that the referee's recommendations come to this Court with a presumption of correctness. Florida Bar v. Roberts, 626 So.2d 658, 659 (Fla. 1993). We continue to recognize this standard of review but also recognize that the responsibility for the discipline *1276 of lawyers is ultimately the duty of this Court.
Accordingly, although the Bar does not challenge the referee's recommendation that Forrester receive a public reprimand for violation of the rules pertaining to her trust account, we expressly note that we consider the maintenance of contemporary and accurate trust account records to be essential to public confidence that members of The Florida Bar are maintaining these accounts pursuant to their fiduciary and ethical obligations. However, because Forrester has no prior disciplinary violations and because the violation found by the referee involved recordkeeping rather than misappropriation of any funds in the trust account, we agree that a public reprimand is the appropriate disciplinary measure.
With respect to the finding that Forrester charged an excessive fee, the Bar disagrees with the thirty-day suspension recommended by the referee. The Bar argues that Forrester should be disbarred in accordance with this Court's decisions in Florida Bar v. Aaron, 606 So.2d 623 (Fla. 1992), Florida Bar McKenzie, 581 So.2d 53 (Fla. 1991), and Florida Bar v. Baker, 419 So.2d 1054 (Fla. 1982). While we find these cases distinguishable from the instant case, we emphasize that a lawyer for an estate must not convert the estate's money to the lawyer's operating account unless the lawyer has earned his or her fees. Accordingly, we conclude that the violation of rule 4-1.5(a) found by the referee and evidenced by the record warrants more than a thirty-day suspension. Specifically, we find that this case warrants a ninety-day suspension similar to that imposed in Florida Bar v. Fine, 607 So.2d 416 (Fla. 1992). We so conclude, taking into consideration that no evidence was presented of any prior disciplinary violations. We approve the remaining portion of the referee's disciplinary recommendations.
Forrester is thus suspended for a period of ninety days and thereafter for an indefinite period until she pays the cost of the disciplinary proceedings and to the estate of Sarainne L. Andrews the sum of $20,810.00 plus interest from August 20, 1991, at 12% a year, or such other interest rate as is prescribed by statute, for violation of rule 4-1.5(a). The suspension will be effective thirty days from the filing of this opinion so that Forrester can take steps to protect the interests of her existing clients. Forrester shall accept no new business from the date this opinion is published until the suspension is complete. Forrester is also publicly reprimanded for violating rules 5-1.1(g) and 5-1.2(c)(1)(A) and (B), which reprimand shall be accomplished by the publication of this opinion. Judgment is entered against Geneva Forrester for costs in the amount of $7,553.12, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.