643 So.2d 1069 (1994)
THE FLORIDA BAR, Complainant,
v.
Raymond E. CRAMER, Respondent.
No. 82114.
Supreme Court of Florida.
October 13, 1994.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Jan Wichrowski, Bar Counsel, Orlando, for complainant.
Raymond E. Cramer, pro se.
PER CURIAM.
Raymond E. Cramer petitions this Court for review of a referee's report in a Florida Bar disciplinary proceeding. The referee recommends that Cramer be suspended from the practice of law for ninety days. We have jurisdiction. Art. V, § 15, Fla. Const.
Cramer and the Florida Bar stipulated to the following facts. In 1990 Cramer encountered serious health problems. He had open heart surgery and was out of the office completely for five months. He then returned to *1070 work on a restricted basis. Between March 1991 and March 1992, Cramer became delinquent in employee taxes amounting to $43,635.71. The Internal Revenue Service (IRS) sent a notice of intent to levy. Cramer feared the IRS would garnish his operating account so he left in his trust account legal fees earned on behalf of Aarbor Realty, a company he owned. Cramer then made deposits and disbursements under the name of Aarbor Realty to pay operating and personal expenses out of his trust account.
Cramer also represented Olan Fore in a civil case. Pursuant to a settlement agreement, Fore was to pay the plaintiff a sum of money and gave Cramer $13,743.42 for this purpose to be deposited in the trust account. The funds were instead deposited into the operating account and used for office purposes. Cramer later deposited personal funds into his trust account to make up for the money he spent.
A review of Cramer's trust account for 1991 and 1992 showed that he failed to maintain it in substantial minimum compliance with the Rules Regulating the Florida Bar. He maintained no cash receipts book despite receiving cash for deposit and made no yearly reconciliations. However, Cramer certified on his 1991 and 1992 bar dues statements that he maintained his trust account in substantial minimum compliance with the rules. A review of Cramer's office account also showed that numerous checks were returned due to insufficient funds and negative balances existed on approximately nine occasions.
Following a hearing, the referee found violations of the following rules: rule 3-4.3 (engaging in conduct which is unlawful or contrary to honesty and justice); rule 4-1.15(a) (commingling); rule 4-1.15(b) (failing to promptly notify a third person upon receipt of funds which that person is entitled to receive); rule 4-1.15(d) (failing to comply with the trust account rules); rule 4-8.4(a) (violating the Rules of Professional Conduct); rule 4-8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); rule 5-1.1(a) (utilizing trust funds for purposes other than for those for which they were entrusted); rule 5-1.1(d) (failing to maintain the minimum required trust accounting records); rule 5-1.2(b) (failing to maintain the minimum required trust accounting records, namely a cash receipts book and yearly reconciliations).
As discipline, the referee recommended a ninety-day period of suspension and payment of the Florida Bar's costs, totalling $1,287.12. Cramer petitions for review. In particular, Cramer contests the referee's findings of dishonesty, specifically the findings that rules 3-4.3 and 4-8.4(c) were violated.
In order to find that an attorney has acted with dishonesty, misrepresentation, deceit, or fraud, the necessary element of intent must be proven by clear and convincing evidence. The Florida Bar v. Neu, 597 So.2d 266 (Fla. 1992). In the instant case, Cramer was on notice that the IRS intended to levy. He then made deposits into and disbursements out of his trust account to pay operating expenses because he thought the IRS might garnish his operating account. Cramer maintains that he was only attempting to acquire additional time to negotiate a payment plan with the IRS, and that under the circumstances, he was justified in securing his accounts "in any manner possible." We disagree. Cramer's knowing and deliberate misuse of the client trust account was done in an attempt to mislead the IRS. We find that this behavior amounts to dishonesty, deceit, or misrepresentation. The stipulations and testimony provide competent and substantial evidence to support the referee's findings of fact and recommendations of guilt, including the findings and recommendations involving dishonesty.
In determining the appropriate discipline, we note that the other factual findings are a result of negligence on the part of Cramer. We also note that Cramer has demonstrated substantial mitigating factors. Most significantly is Cramer's heart condition and related medical problems which led to many of Cramer's problems in his law practice and affected his conduct. Further, Cramer cooperated fully with the Florida Bar in its investigation and no client suffered any injury. We agree with the Florida Bar that a ninety-day *1071 suspension best fits the circumstances of this case. See The Florida Bar v. Scott, 566 So.2d 765 (Fla. 1990).
Accordingly, we approve the referee's recommendation of discipline and hereby suspend Raymond E. Cramer from the practice of law in Florida for ninety days. The suspension will be effective thirty days from the filing of this opinion so that Cramer can close out his practice and protect the interests of existing clients. Cramer shall accept no new business from the date this opinion is filed. Judgment for costs in the amount of $1,287.12 is hereby entered against Cramer, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN and HARDING, JJ., concur.
WELLS, J., recused.